GEORGE J. CHRISTISEN v. EDWIN BARTLETT *et al.*

No. 15,535. (95 Pac. 1130.)

SYLLABUS BY THE COURT.

1. SCHOOLS AND SCHOOL-LANDS—*Settlement.* A settlement upon school-land, to give a right of purchase under the provisions of section 6341 of the General Statutes of 1901, involves not only the outward physical and visible acts necessary to its accomplishment but also an intention permanently to establish the dwelling and residence of the settler thereon, and to do all the things in good faith required by the statute.

2. JUDGMENTS—*Facts Determined by General Finding—Special Findings Not Specific.* Where the findings of fact do not specifically state which one of several claimants first settled upon the tract of school-land in controversy, the general finding included in the judgment against one of them necessarily determines the fact against him, where it is essential to support the judgment and is not in conflict with the special findings.

Error from Hodgeman district court; CHARLES E. LOBDELL, judge. Opinion filed May 9, 1908. Affirmed.

*Madison & Madison,* for plaintiff in error.

*F. Dumont Smith,* and *G. Polk Cline,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.: This action presents a controversy between three rival claimants for a tract of school-land. Bartlett, claiming the land, sued Nall and Christisen, the other claimants, in ejectment, in separate actions, which were afterward consolidated. The court found that the rights of Bartlett and Nall were equal, and that they, as tenants in common, were entitled to the land as against Christisen, and rendered judgment accordingly, which Christisen seeks to have reversed.

The case is presented upon the findings of the district court. From these findings it appears that a lease upon this tract expired December 31, 1903. Before the lease expired Bartlett, with the consent of the lessee, placed a house upon the land, and at 11.:40 P. M. on December 31 entered upon the land, took possession of the house, and, at 12:20 A. M. on January 1, 1904, began to dig a well. From the time of his entry to the day of trial he resided on the land. At 12:02 A. M. on January 1, 1904, Nall entered upon the land, having with him a building, which he set up thereon and continued to live in as his only home for more than six months from such entry. Christisen was with Nall at the boundary of this land on December 31, and immediately after midnight crossed the line, entered upon the land, and declared that he was the first person upon it. On January 5 following he hauled lumber to the land for the purpose of building a home thereon, and on January 10 erected a house, moved into it, and for more than six months after January 1 made it his only home.

Each of the three parties, within six months after their respective entries, made improvements on the land of the value of more than $100, and on January 1, 1904, each of them filed with the county clerk a declaration of settlement, which filings were in the following order: Christisen, Nall and Bartlett. In due time each

made his proof of settlement and the required payment, and received a certificate, as provided by law; and, before the action was commenced, Nall made full payment and received a patent for the land.

The statute under which the parties claim provides that "any person who has settled upon any portion of school-land and actually resided thereon continuously for a period of six months" (Gen. Stat. 1901, § 6341), and has complied with other requirements of the law, may purchase the same in the manner therein stated. The court did not, in the findings of fact, find who made the first settlement on this land; however, as it was a fact essential to a determination of the priority of rights, it necessarily entered into the judgment and was determined adversely to Christisen's claim. He asserted a prior right by reason of having made the first settlement; the court, having decided against this claim, necessarily found it to be untrue, although not stated in the special findings, for the general finding includes every fact necessary to support the judgment not in conflict with the special findings. (*Winstead v. Standeford,* 21 Kan. 270; *Stratton v. Hawks,* 43 Kan. 538, 23 Pac. 591; *Else v. Freeman,* 72 Kan. 666, 83 Pac. 409.) A settlement upon lands involves not only the outward physical and visible acts necessary to its accomplishment but also an intention permanently to establish the dwelling and residence of the settler thereon, and to do all the things in good faith required by the statute. Stepping upon the land and announcing his presence, his return there with lumber five days later, and building his house five days after that, were acts on the part of Christisen proper to be considered, with the acts of the other claimants, in determining who made the first settlement—a settlement being so made up of acts and intention. The particular findings are not necessarily in conflict with the general conclusion in favor of Bartlett and Nall, and so do not overthrow it.

What may be considered a settlement upon school-land within the meaning of this statute was stated in *Bratton v. Cross*, 22 Kan. 673, but the conduct of the person, the nature of the improvements undertaken, his presence upon and his absence from the land, with the reasons therefor, and all the attendant circumstances of the particular case, must be considered in determining the ultimate fact of settlement and the time of its inception. We must presume in favor of the judgment that the evidence supported not only the special findings but the general findings also, and as the former do not necessarily conflict with the latter the judgment is affirmed.