JOHN N. CLAPPER V. DAVID SKEEN.

No. 15,740.    (99 Pac. 590.)

SYLLABUS BY THE COURT.

1. SCHOOL-LAND—*Settlement.* In order to make a valid settlement upon school-land the settler must go upon the land with the intention of making it his permanent abode, perform such acts as will clearly evidence such intention, and consummate the intention by actual physical occupation of the land as a permanent residence; but the law allows him sufficient time in which to complete the various necessary steps, if he is diligent and unremitting in the faithful execution of his intention.

2. ———— *Leased Land—Settlement.* It avails nothing for a person desiring to settle upon school-land covered by a lease which is about to expire to go upon the land, build a house and establish a residence there for himself and family, although he does so with the lessee's consent, and, therefore, is not a trespasser. He can perform no valid act of settlement until the lease terminates. When the lease expires he must perform original acts of settlement, and, to give him a superior right, must do so before any one else settles.

Error from Ford district court; GORDON L. FINLEY, judge. Opinion filed January 12, 1909. Affirmed.

*Madison & Madison,* and *F. Dumont Smith,* for plaintiff in error.

*Thomas A. Scates,* and *Albert Watkins,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The parties to this litigation are rival claimants of a tract of school-land. . The facts are stated by the trial court as follow:

"The facts in this case show that prior to midnight of January 6, 1906, a valid outstanding lease was upon the land in controversy, in a different person than either the plaintiff or defendant in this suit.

"Upon the 29th day of December, 1905, the plaintiff commenced the erection of a dwelling-house upon this land, by and with the consent of the lessee of the land. He completed this dwelling prior to the time the lease expired. Upon January 3, 1906, the plaintiff moved his entire family into the house, together with the greater portion of his household goods and furniture, and has from that day to this resided in that house. Upon the afternoon of January 6, and prior to the time the lease expired, the plaintiff went to Dodge City, the county-seat of this county, for the purpose of filing his affidavit of settlement with the county clerk of Ford county. January 7, 1906, was Sunday. The plaintiff filed his affidavit of settlement with the county clerk on the morning of January 8. At the time the lease expired, midnight of January 6, the plaintiff was away from the land, and was not upon the land from the afternoon of Saturday until five o'clock in the evening of the following Monday, January 8, 1906. The facts show further that the family of the plaintiff remained upon the land in the said house during the period of time the plaintiff was absent to make his filing. The first thing done by the plaintiff in the way of improvements upon the land after the expiration of the lease was upon January 9.

"The defendant, Skeen, at said time, had and still owns a dwelling-house and eight lots in the town of Bucklin, five miles distant from this land, in which he resided prior to establishing his residence upon this land. One minute past twelve o'clock of the night of January 6, 1906, the defendant went upon the land with the intention of making a settlement thereon, and placed upon the land at that time a small frame building. Immediately thereafter the defendant started to Dodge City to file his affidavit of settlement, and did file such affidavit upon the morning of January 8, 1906. Upon January 9, 1906, the defendant placed lumber

upon the land and immediately commenced the reconstruction of the said building already placed thereon by him, and also commenced the digging of a cellar or excavating for the purpose and with the intention of using the same as a dugout, or dwelling-house. He continued such work from day to day until said dwelling-house, or dugout, was completed, and such frame dwelling already referred to had been reconstructed. Defendant placed his family and household goods in said dugout and dwelling-house on January 18, 1906, and finally completed said house within two or three days thereafter.

"Each party has since said date complied with the law in the matter of improvements and residence, and the land has been appraised, and final proof has been made by each of said parties, and each party has been given a certificate of purchase for said land, and each has paid one-tenth of the purchase-price in accordance with the law."

Judgment was rendered confirming title and possession in the defendant, Skeen, and the plaintiff, Clapper, prosecutes error.

It is contended that the defendant's settlement dates from January 18, when he first occupied the land with his family as a residence. The definition of the term settlement here implied is altogether too narrow. As used in reference to the appropriation of school-land in this state, settlement includes going upon the land with the intention of making it a permanent abode, the performance of such acts and the display of such conduct as will clearly evidence such intention, and the consummation of the intention by actual physical occupation of the land as a permanent residence. The conditions under which human life is tolerable are such, however, that a permanent habitation for a man and his family can not be established in an instant. Numerous acts are required, the performance of each one of which necessarily consumes time, and the law allows a settler an opportunity to perform those acts, if he proceeds diligently and in good faith. A man is not obliged to take with him, when he first enters upon land as a

settler, a completed building in which to live, nor need
he house himself and family in a tent or other impro-
vised shelter on the land until a dwelling-house can be
erected.    He is not compelled to remain on the land
every moment of time until he proves up.    He may es-
tablish himself step by step, and in doing so may go
and come as necessity requires, provided he is indus-
trious and unremitting in the faithful execution of his
intention.    The citation of authorities upon these propo-
sitions would be superfluous.    What the defendant did
was sufficient to make a settlement which dates from
12: 01 A. M., January 7.

Manifestly the defendant settled first.    The plaintiff
gained no advantage over the defendant by building a
house upon the land, moving his family into it and es-
tablishing a residence there before the lease expired.
The lessee could sell him no right which would preju-
dice others in their equal right to preëmpt the land.
(*Hopper v. Nation,* 78 Kan. 198, 96 Pac. 77.)    Likewise
the lessee could not, as a matter of favor or gratuity,
better the plaintiff's chances over others.    The land was
not open to settlement until the lease expired, and no
valid act of settlement could be performed until that
time.    The moment the land was open to settlement the
same law bound the plaintiff which the defendant was
required to obey.    It was not necessary that the plain-
tiff should build a house, for he had one, or bring the
members of his family, for they were there, but he was
obliged to perform original acts of "settlement" within
the meaning of the word as outlined above, and what-
ever he chose to do by way of settlement had to be done
after the lease expired and before the defendant settled,
in order to give him a superior right.    When the lease
expired and when the defendant settled the plaintiff
was at Dodge City.    After the lease terminated he did
not so much as go upon the land until the evening of
January 8.

The cases of *Davies v. Benedict,* 75 Kan. 47, 88 Pac.
536, and *Christisen v. Bartlett,* 78 Kan. 118, 95 Pac.

1130, cited by the plaintiff, do not help him.   In the Davies case it was held that Benedict, who entered under a lessee, was not a trespasser, just as the plaintiff in this case was not a trespasser; but Benedict was given the land because of acts of settlement subsequent to the expiration of the lease.   He continued to occupy the premises and erected valuable improvements, all with the intention of making the land his home.   No other person claimed the land as a settler.   In the Christisen case Bartlett placed a house on the land with the consent of the lessee before the lease expired. Shortly after midnight, when the lease ended, he entered, took possession of the house, and commenced to dig a well.   These were good acts of settlement.   At about the same time as Bartlett, Nall entered, taking a house with him, and he, too, followed up his entry in a legal manner.   The district court found that Bartlett and Nall were contemporaneous settlers, and under the well-known rules the finding was not disturbed. Christisen was with Nall, and immediately after midnight crossed the boundary of the land and declared that he was the first person upon it.   He then went away and did nothing else indicating a purpose to settle for five or six days.   The court found against him, and under the same rules the finding was held to be conclusive.

The judgment of the district court is affirmed.