JOHN D. FUNK, *Appellant*, v. THE SHAWNEE FIRE INSURANCE COMPANY, *Appellee*.

No. 16,547.

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Assignment of Policy to a Vendee—Consideration for Policy—Consent of Mortgagee to Assignment*. A mortgage clause in the usual form was attached to a policy insuring the owner of property against loss by fire. The owner then assigned the policy, with the assent of the insurer, to a vendee of the property. *Held*, the original premium supported the insurance of the two interests—that of the owner and that of the mortgagee—and the policy was sustained by that consideration in the hands of the assignee. *Held*, further, that since the mortgage clause reserved no right to the mortgagee to approve assignments of the policy the want of such approval did not affect the validity of the policy in the hands of the assignee.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed May 7, 1910. Reversed.

*H. S. Martin*, and *R. Williams*, for the appellant.
*Mulvane & Gault*, and *D. R. Hite*, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The Shawnee Fire Insurance Company issued to Nuss, the owner, a policy insuring his farm buildings against fire. A mortgage clause was attached making the loss, if any, payable to the Mutual Benefit Life Insurance Company, mortgagee, as its interest might appear, and providing that upon payment to the

mortgagee the mortgage should be assigned to the insurer. Nuss sold the farm and the insured property to Funk, and as a part of the consideration orally agreed to transfer the insurance policy to Funk. The papers incident to the sale were made out for the parties by Fast, who was also the insurance company's agent. The transfer of the policy was specifically called to his attention, and he was directed to make the necessary change. He assured the parties at the time that everything was all right. Afterward Funk inquired of him, "How is it about that insurance on my property? Are my buildings insured?" Fast replied, "Yes, they are insured." The policy provided that, unless an agreement to the contrary should be indorsed thereon or added thereto, it should be void if change should take place in the title or possession of the property, or if the policy should be assigned before loss. It further provided that no officer or agent of the company had power to waive conditions except by writing indorsed on the policy itself. The policy had been delivered to the mortgagee, remained in the mortgagee's possession, and no written assignment of it was ever made or noted in writing on the instrument. The buildings were burned and the loss was paid to the mortgagee, who assigned the mortgage to the insurance company. Funk tendered to the insurance company the amount of the mortgage, less the amount of the insurance, and demanded a release. The tender was rejected and the demand was refused. Funk then brought an action to cancel the mortgage and to recover statutory damages for the refusal to release. A demurrer was sustained to the plaintiff's evidence, and he appeals.

The usual question is raised respecting policy restrictions upon the authority of officers and agents, but the evidence was sufficient to warrant a finding that Fast was the insurance company itself for all purposes of the transaction in controversy. It follows that the regularity of the assignment of the policy to Funk is not

open to question by the company. With this matter aside, the argument to sustain the demurrer is directed to two propositions: First, there was no consideration to support the policy in the hands of the assignee; and, second, the assignment was invalid without the consent of the mortgagee. Neither one is sound.

The premium supported the insurance of two interests—that of the owner and that of the mortgagee. These interests were so far distinct that the situation may be regarded as if two policies had been issued, one to the owner and one to the mortgagee. But the consideration for both was not absorbed by either one. The mortgage clause did not eliminate the owner or his interest. He could discharge the mortgage and in the event of loss collect all the indemnity. His substantial rights, paid for and protected by the policy during its life, he could assign to his successor in ownership.

The mortgage clause reserved to the mortgagee no right to approve or disapprove assignments of the owner's insurance, although changes in the ownership of the property insured are contemplated by the following language: "And this insurance, as to the interest of the mortgagee only therein, shall not be invalidated . . . by any change in the title or ownership of the property." Without such a reservation the mortgagee could not restrict the owner's right to assign. The mortgage clause further provided that the mortgagee's insurance should not be invalidated by any act or neglect of "the mortgagor, or owner"—that is, any owner, including one in succession to the mortgagor. Consequently the mortgagee could have no interest in who became owner besides the mortgagor. The insurer might well have such an interest, and consequently it reserved the right to approve assignments of the policy by the owner.

The judgment of the district court is reversed, and the cause is remanded for a new trial.