DENNIS D. DOTY, *Appellant*, V. E. P. WALLING,
*Appellee*.

No. 16,994.

HEADNOTE BY THE REPORTER.

SCHOOL LANDS—*Title—Patent—Lease—Right to Purchase.* Title
to school lands based upon a patent from the state and a deed
from the patentee is *prima facie* a perfect title and can not be
defeated by one who claims a preference right to purchase the
land by reason of having "settled" on the land while a lease
thereto was in full force.

Appeal from Finney district court. Opinion filed
July 7, 1911. Reversed.

*Albert Hoskinson, R. W. Hoskinson, W. R. Hopkins,*
and *R. J. Hopkins,* for the appellant.

*O. H. Foster,* and *Edgar Foster,* for the appellee.

*Per Curiam:* On its face the appellant's title to the
land, based, as it is, upon a patent from the state and
a deed from the patentee to him, is complete and en-
titles him to judgment unless the appellee was in a posi-
tion to attack it by proving that he was a new purchaser
of the land and that the patent conveyed no title for
the reason that all rights of the appellant's grantor had
been forfeited.

It is evident that the return of service by the sheriff
on the notice of forfeiture was insufficient to effectuate
a forfeiture. By the provisions of chapter 373 of the
Laws of 1907 (Gen. Stat. 1909, §§ 7692-7696) the word
"forfeited," shown to have been written on the school-
land record of this land, is *prima facie* sufficient, if ap-
plicable to this case.

The act of 1907 by its terms applies only where
"such land was thereafter sold to a new purchaser."
(Laws 1907, ch. 373, § 1; see, also, *Mayse v. Belt,*
83 Kan. 746; *Mayse v. Belt,* 84 Kan. 211.)

It appears that the appellee claims the land only as a new purchaser under the provisions of section 7646 of the General Statutes of 1909 (Laws 1909, ch. 218, § 1), by the terms of which the right to purchase depends, as the first essential step, upon a valid settlement upon the land. He admits that there was an unexpired lease on the land at the time he claims to have made settlement thereon, but claims that he purchased the tenant's right for $100 and the tenant, so far as he could do so, surrendered his lease. It is said in *Hopper v. Nation,* 78 Kan. 198:

"A preference right to the purchase of school land can not be acquired by settling thereon while a lease is in force.

"The lessee of school land can not terminate his lease and thereby throw the land open to settlement by any act of his own, without the concurrence of the board of county commissioners." (Syl. ¶¶ 5, 6.)

(See, also, *Clapper v. Skeen,* 79 Kan. 301.)

Approving these decisions, we conclude that the appellee acquired no right to purchase the land by his attempted settlement.

But it is urged that there was a hearing, on proper notice, before the probate judge at the instance of the appellee, and the court made a finding thereon in his favor, on sufficient evidence, and issued a certificate that he was entitled to purchase the land. The matters upon which the probate court is required to find are detailed in section 7649 of the General Statutes of 1909 (Laws 1909, ch. 218, § 4), and whether or not the land was school land subject to settlement is not one of the questions. (*Hopper v. Nation,* supra.)

The appellee not being a "new purchaser" of the land is not entitled to invoke the provisions of chapter 373 of the Laws of 1909 in an attack upon the appellant's title.

The state in issuing the patent to the last assignee of the certificate of purchase probably waived, as it might,

the forfeiture of all previous holders thereof (*Baker v. Newland,* 25 Kan. 25), and no one else appears to be in a position to complain.

The judgment of the district court involves the conclusion of law, under the facts found, that the land was school land subject to settlement at the time appellee made actual but not effectual settlement thereon. In this the court erred.

The judgment is reversed and the case is remanded with instructions to render judgment for the plaintiff.