JOHN D. FUNK, *Appellee*, v. THE SHAWNEE FIRE
INSURANCE COMPANY, *Appellant.*

No. 17,609.

SYLLABUS BY THE COURT.

1. DEPOSITION—*Nonresident of County—Competent.* A party
still has the right to use the deposition of a witness who re-
sides in another county, notwithstanding that under the pres-
ent statute he might require his personal attendance at the
trial.

2. EVIDENCE—*Secondary—Not Prejudicial.* A judgment will not
be reversed merely because of the refusal of the trial court to
strike out evidence which was competent when admitted, but
was afterwards shown to be secondary, when no actual preju-
dice appears. *Clements v. Gas Co.*, ante, p. 418, 124 Pac. —,
followed.

3. SPECIAL VERDICT—*Findings of Fact—Conclusions of Law.*
The rule that a special verdict, in order to support a judg-
ment, must include a finding upon every fact essential thereto
has no application where the court upon request states the
conclusions of fact found, separately from the conclusions of
law. In that case, in the absence of a request for further
findings, the judgment implies a finding favorable to the pre-
vailing party upon any issue not specifically covered.

Appeal from Marion district court. Opinion filed
July 6, 1912. Affirmed.

*D. R. Hite,* and *Mulvane & Gault,* all of Topeka, for
the appellant.

The opinion of the court was delivered by

MASON, J.: Fred Nuss, the owner of a mortgaged
farm, insured the buildings in the Shawnee Fire In-
surance Company, the loss being made payable to the
mortgagee, who held the policy. Except as to the
mortgagee, the insurance was to be rendered void if a
change took place in the title of the property, or if it
should be assigned, unless an agreement thereto was
indorsed on the policy. Nuss sold the farm to John

D. Funk.   A loss occurred, which was paid to the mortgagee, the company taking an assignment of the mortgage.   Funk paid the amount due in excess of the insurance and brought an action against the company to compel it to release the remainder.   The company defended upon the ground that no assignment of the policy had been made from Nuss to Funk with its consent.   Upon the first trial a demurrer to the plaintiff's evidence was sustained.   This ruling was reversed on appeal.   (*Funk v. Insurance Co.*, 82 Kan. 525, 108 Pac. 832.)   A second trial resulted in a judgment for the plaintiff, and the defendant appeals.

Complaint is made of the admission of the official transcript of the testimony given at the former trial by a witness who was a resident of the state but not of the county.   The suggestion is made that since under the present code (Civ. Code, § 326) the attendance of the witness could have been required, the transcript of his former testimony should not have been admitted. Such a transcript may be used "under like circumstances and with like effect as the deposition of such witness."   (Gen. Stat. 1909, § 2407.)   Section 358 of the code provides that "when a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that  .  .  .   the attendance of the witness can not be procured;" but the qualification is added—"for any cause specified in section 337." And section 337 reads: "The deposition of any witness may be used only in the following cases:  *First,* when the witness does not reside in the county where the action or proceeding is pending."   It is true that when these sections were originally enacted a witness could not be required to attend a trial outside the county of his residence, but we do not think the legislature intended, in permitting a litigant to require the resident of another county to attend a trial, to compel him to do so, if he preferred to make use of a deposition.  .  This seems especially obvious in view of the pro-

vision "that the costs of witnesses attending from outside the county shall not be taxed against the opposing party unless by order of the court." (Civ. Code, § 326.)

The plaintiff was permitted to testify in substance that he orally agreed to purchase the property from Nuss on certain terms, which included the transfer to him of the insurance; that they together went to J. C. Fast, the agent of the insurance company, and told him of their agreement; that he reduced it to writing, making two copies, which they signed, each retaining one. The defendant moved to strike out the testimony as to the oral agreement on the ground that presumptively all their negotiations were merged in the written instrument, which became the primary evidence. The overruling of this motion is relied upon as error. The argument may be disposed of in the language used of a similar contention in *Clements v. Gas. Co.*, ante, p. 418, 124 Pac. —:

"No assurance is offered the court that the plaintiff's evidence was untrue, that the memorandum is different from his testimony, or that the result would be changed if the memorandum were produced. The defendant simply stands upon a rule of evidence and asks that the verdict and judgment be upset in order that the plaintiff may be compelled to prove a fact in a bettter way. The statute limits the court's power of reversal to cases in which prejudice to substantial rights is made to appear. Prejudice is not presumed, and a judgment based upon uncontradicted evidence, competent when admitted but which afterwards turns out to be of secondary quality, will not be reversed unless it can be said from the record that the result would probably be different if the primary evidence were produced." (p. 419.)

The court upon request made separate findings of fact and conclusions of law. We are asked to set aside the judgment on the ground that no finding was made that the policy was transferred from Nuss to Funk. No specific finding was made to that effect, although

a part of the evidence on the subject was set out in detail. Such omission, however, is not fatal to the judgment, the general finding for the plaintiff covering the matter. "Where the court attempts to make special findings, as requested by a party, and inadvertently fails to make a special finding upon some particular matter in controversy, or makes such finding in too general terms, the court does not thereby commit substantial error, unless its attention is first called to the omission to find, or to the defective finding, and it then fails or refuses to correct the same." (*Briggs v. Eggan,* 17 Kan. 589, 591.) The rule which requires a special verdict to cover every issue of fact (Civ. Code, § 294) has no application (*Hazard Powder Company v. Viergutz,* 6 Kan. 471, 486; Note, 24 L. R. A., n. s., 2). In the absence of a request for further findings the judgment implies a finding favorable to the prevailing party upon any issue not specifically covered. (*Christisen v. Bartlett,* 78 Kan. 118, 95 Pac. 1130; *Gas. Co. v. Fletcher,* 81 Kan. 76, 85, 105 Pac. 34.)

The judgment is affirmed.