No. 28,770.

F. M. CLESS, *Appellee*, v. THE REPUBLIC CASUALTY AND SURETY COMPANY, *Appellant*.

(277 Pac. 793.)

Opinion filed June 8, 1929.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove,* all of Topeka, for the appellant.

*W. E. Smith,* of Wamego, *Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a policy of insurance on an automobile against loss by fire. The defense was that specific terms and conditions of the policy had been violated, by reason whereof the policy was void. The case was tried to the court, judgment was for plaintiff, and defendant has appealed.

The material facts necessary to be considered are as follows: S. L. Potter was the agent at Wamego, Kan., of the Illinois Indemnity Company, defendant's predecessor. He and two others were partners doing business under the name of the Kansas Investment Company and had a mortgage on an automobile owned by Samuel L. Nason. On October 14, 1926, the insurance company, through its agent, S. L. Potter, issued the policy of insurance in question to Nason on the automobile. It recited that the automobile was owned exclusively by the insured except $811.67 to the Kansas Investment Company. Later, and in July, 1927, Nason was adjudged a bankrupt. A trustee was appointed for his estate, and the Kansas Investment Company paid the trustee $40 for Nason's equity in the car and took possession of it under its mortgage, and on July 9 sold the car to F. M. Cless for $750, Cless paying $50 in cash and giving a mortgage on the car for $700. The payment made by Cless cov-

ered handling charges and insurance. On the same date S. L. Potter, as agent for the insurance company, made out and attached to the policy previously issued to Nason, the following:

"SPECIAL INDORSEMENT.

"Subject to all the terms, conditions and agreements of the policy to which this indorsement is attached, it is understood and agreed that the interest of Samuel L. Nason, as owner of the automobile covered by this policy, is hereby assigned to F. M. Cless, Rossville, Kan.

"This indorsement shall take effect on the 9th day of July, 1927, at noon, and shall terminate with his policy.

"This indorsement when countersigned by a duly authorized agent and attached to policy No. 57994 of the Illinois Indemnity Company shall be valid and form a part of said policy.

ILLINOIS INDEMNITY Co.,

"By S. L. POTTER, Agent.     HUNT WENTWORTH, *Secretary.*"

On July 21 the car was burned by fire and was practically a total loss. Proof of loss was duly made. The specific conditions of the policy plead by defendant as having been violated, the violation of which rendered the policy void, are as follows:

*"Title and Ownership.* 10. This entire policy shall be void unless otherwise provided by agreement in writing added hereto: (*a*) if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership; or in case of transfer or termination of the interest of the assured other than by death of the assured (it shall thereupon cover his legal representative, provided notice is given the company in writing within thirty days of such death) or in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise, or (*b*) if this policy or any part thereof shall be assigned before loss."

Appellant argues that there was a change of ownership from Nason to the trustee in bankruptcy by operation of law on the adjudication of bankruptcy and the appointment of the trustee; that there was a second change of ownership when the Kansas Investment Company, by permission and order of the referee in bankruptcy, paid to the trustee $40 for Nason's equity in the car and took possession of it, and that there was a third change of ownership when the Kansas Investment Company sold it to Cless. It will be noted that the specific things mentioned in paragraph 10 of the policy rendered the policy void only in the event it was not otherwise provided by agreement in writing added to the policy. The fact that a short cut was taken in the assignment of this policy from Nason to Cless instead of the more circuitous process of making an assignment first to the trustee in bankruptcy, then to the Kansas In-

vestment Company, and then to Cless is of no significance if it were properly provided for by agreement in writing added to the policy. There is no reason why the insurance company could not consent to this method of making assignment if it were informed as to the facts and desired to do so. There is no question but what S. L. Potter, the agent of the insurance company, was conversant with all the facts, for he personally handled the various transactions. Cless undoubtedly thought he was getting a valid insurance policy, and no reason is suggested why the insurance company did not want to issue or transfer to him a valid policy. The special indorsement attached to the policy is sufficient in form to assign the policy to Cless —appellant does not seriously contend otherwise.

So the question of liability really turns on the authority of S. L. Potter, the agent of the insurance company, to execute the special indorsement on behalf of the company and attach it to the policy. His authority to do so was put in issue by the pleadings. His agency agreement contained the following provisions, among others:

"The company hereby appoints the above-named as agent for the purpose of procuring insurance and for the other purposes hereinafter named, and for such purposes only. . . .

"The agent shall . . . thoroughly and efficiently canvass the said territory, procure insurance, collect premiums and perform generally such other duties and services in connection therewith as shall best promote the interests of the company."

The evidence disclosed that in the conduct of the business the insurance company furnished its agent, Potter, the insurance policy, special indorsements, and all other necessary forms, all properly signed by the officers of the company and ready to become valid contracts when countersigned and delivered by Potter. He was not required to forward the application for insurance to the home office nor any other agent of the company. In issuing a policy the application was made direct to him, he passed upon the risk and issued the policy. On a change of ownership of the property insured he executed on behalf of the company, on forms furnished him for that purpose, the consent and agreement of the company to such transfer, and this he did without referring the matter to the officers, or any other agent of the company, for their approval. In the course of about a year he issued some 800 insurance policies on automobiles for this insurance company. Many of these automobiles changed ownership, and the consent and agreement of the company was exe-

cuted by Potter and attached to the respective policies. The authority of the agent, Potter, to execute on behalf of the insurance company the special indorsement in question is fairly conferred by his agency agreement with the company and appears to be in accord with the usual course and conduct of his business as agent of the company. The terms "special agent" and "general agent" are somewhat relative terms. There were, of course, some limitations on the authority of Potter, but within the territory mentioned in this agency agreement, in procuring insurance, collecting premiums, and performing generally such other duties and services in connection therewith as would best promote the interests of the company, and doing so in accordance with his own judgment, his authority in these respects was general. He was the insurance company with respect to such transactions. (*Despain v. Insurance Co.*, 81 Kan. 722, 106 Pac. 1027; *Funk v. Insurance Co.*, 82 Kan. 525, 108 Pac. 832.) From this it necessarily follows that the policy as indorsed to Cless was valid.

The judgment of the court below is affirmed.

JOHNSTON, C. J., not sitting.