SAMUEL KNIGHT, executor, *vs.* HENRY P. KNIGHT & others.

Essex.    November 8, 1894. — November 30, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ

*Construction of Will — Absolute Gift to Wife of Testator.*

A testator, by his will, gave to his wife one seventh part of the residue of his estate, "to be disposed of as she shall think best, but if any part of her said seventh part shall not be disposed of at the time of her decease then the part of her seventh part remaining undisposed of at her decease shall be equally divided among my said six children," and added that the gift was made to her "in lieu of dower and distributive share of my personal estate." *Held,* that the wife took one seventh part of the residue absolutely, and that it passed to the devisees under her will.

BILL IN EQUITY, filed December 14, 1893, by one of the executors under the will of John Knight, against Edward S. Knight, his co-executor, and others, all children of the testator, to obtain the instructions of the court as to the construction of the fourth article of the will.

The case was heard by *Barker,* J., and reported for the consideration of the full court on the bill, the answers of the several defendants and certain agreed facts, and was as follows.

John Knight, the testator, died in 1881, leaving a widow, Deborah C. Knight, and six children; namely, Samuel Knight, Henry P. Knight, Mary C. Emerson, Edward S. Knight, Augustus S. Knight, and John C. Knight, of whom the first three were children by a former wife.

By the fourth article of his will, which was duly admitted to probate, he provided that "all the rest and residue of my estate, real and personal, shall be divided into seven equal parts, and six sevenths of the same shall be equally divided among my said six children. And the other one seventh part I give and devise to my said wife, to be disposed of as she shall think best, but if any part of her said seventh part shall not be disposed of at the time of her decease, then the part of her seventh part remaining undisposed of at her decease shall be equally divided among my said six children. The devise and bequest made to

my wife is made to her in lieu of dower and distributive share of
my personal estate."

Deborah C. Knight died in 1893, possessed of personal estate
consisting in part of stocks and bonds delivered to her by the
executors of the will of John Knight, and in part of personal
securities purchased by her with money arising from the sale of
real estate of the testator taken by her under the fourth clause
of the will, and from the sale by the executors of the will of
John Knight of personal property likewise paid to her. By
her will, which was duly admitted to probate, she devised and
bequeathed all the estate, real and personal, which could pass by
her will, to her three sons, Edward S., Augustus S., and John C.
Knight.

When the bill was filed, certain real and personal estate, form-
ing a portion of the residue of the estate of John Knight,
remained undivided, and the prayer of the bill was for the
instructions of the court as to whom and in what proportions
such residue should be distributed and conveyed.

*G. A. Blaney,* for Henry P. Knight and others.

*E. T. Burley,* for other defendants.

FIELD, C. J.    We are of opinion that the widow of the testator
took the absolute property in the one seventh part of the residue
of the real and personal estate given her by the fourth article of
the will.    The clause to be construed more nearly resembles
those construed in *Ide* v. *Ide,* 5 Mass. 500, *Kelley* v. *Meins,* 135
Mass. 231, *Joslin* v. *Rhoades,* 150 Mass. 301, and *Foster* v. *Smith,*
156 Mass. 379, than in the cases in which it has been held that
a life estate was given.

It follows that one seventh part of the residue of the estate
of John Knight remaining in the hands of the executors of his
estate belongs to the estate of the widow, and a decree should
be entered accordingly.

                                        *So ordered.*