JOHN P. BURNS et al., *Appellees,* V. JAMES BURNS et al.,
*Appellants.*

No. 17,346.

SYLLABUS BY THE COURT.

1. FINDING OF FACT—*Distinguished from Conclusion of Law.*
What is designated by the trial court as a conclusion of law
will be treated on review as a finding of fact if it appears to
be essentially of that character.

2. ———— *Same.* Where findings show that the evidence pre-
sented a question of fact whether a deed was intended as an
advancement, a statement found among what are designated
as conclusions of law, to the effect that the evidence is not
sufficient to overcome the presumption of that intention, will
be regarded as a finding of fact that an advancement was
intended.

3. ADVANCEMENTS — *Common-law Rule — "Hotchpot" Abolished.*
The common-law rule that one who has received property by
way of advancement must bring it into hotchpot, if he wishes
to claim a portion of the estate of an intestate as an heir, is
abolished by the statute providing in substance that advance-
ments shall be considered as part of the estate, but that one
who has received an advancement in excess of his share need
not refund any part of it.

Appeal from Saline district court.    Opinion filed
May 11, 1912.    Modified.

*Z. C. Millikin,* for the appellants.

*C. W. Burch, B. I. Litowich,* and *B. A. Mason,* for the
appellees.

The opinion of the court was delivered by

MASON, J.:  John P. Burns and Christopher J. Burns
sued James Burns to quiet title to real estate.   He
answered claiming an interest and asking partition.
They recovered judgment and he appeals.   The plain-
tiffs claimed as heirs of their father, who died intestate
owning the property, and also as purchasers from some
of the other heirs.   The defendant was also a son of
the intestate and claimed a share equal to that inherited

by each of the other children.   He had received from his father in his lifetime a deed to another tract, which the plaintiffs maintain was an advancement, but which he asserts was given as compensation for services rendered.   Upon the trial the plaintiffs introduced this deed, which recited a consideration of one dollar.   The defendant offered to prove the actual consideration, but his testimony was rejected as forbidden by the statute concerning transactions with persons since deceased. (Civ. Code, § 320.)   This ruling is complained of.   The defendant maintains (1) that the evidence was competent because the transaction was not connected with the land, the title to which was in controversy, but with a different tract; and (2) that by introducing the deed, which recited a nominal consideration, the plaintiffs waived objection to the evidence of the actual consideration.   We think the evidence was incompetent, and that there was no waiver.

The defendant asked a separate statement of the findings of fact and conclusions of law, and the court undertook to comply with the request.   The judgment was obviously based upon the theory that the deed to the defendant was an advancement.   The principal ground upon which a reversal is asked is that there was no finding of fact that the deed was an advancement, nor of any facts from which it would follow that such was the case.   It is true that the written statements made by the court under the title "findings of fact" showed that under the evidence it was a question of fact whether the deed was or was not intended as an advancement, and no decision of that question was indicated under that heading.   However, under the caption "conclusions of law" the court returned these statements:

"1.   That the deed from his father to James in the absence of evidence showing a different intention, will be presumed to be by way of advancement.

"2.   That the evidence offered for the purpose of showing that such deed was made for the purpose of recompensing James for services rendered by James to

his father, after James had attained the age of twenty-one years, is not sufficient to overcome the presumption that an advancement was intended."

We interpret the paragraph numbered "2" as meaning that upon the consideration of the evidence the court was of the opinion that the deed was an advancement; that the evidence was not sufficiently persuasive to overcome the presumption to that effect. If the paragraph was so intended it is essentially a finding of fact, and must be so treated. The circumstance that it is not so designated, and that it is called a conclusion of law, is important only as it might aid in arriving at a correct understanding of its meaning. The statute requires that the court shall upon request "state, in writing, the conclusions of fact found, separately from the conclusions of law." (Civ. Code, § 297.) But the formal separation of the conclusions of fact from those of law is not a matter of substance. Whether a particular statement is to be regarded as a conclusion of fact or a conclusion of law is to be determined by its essential character, and not by its designation. (8 Encyc. Pl. & Pr. 940; 38 Cyc. 1964.)

We conclude that the decision of the trial court that the deed to the defendant was an advancement must stand. Whether by reason of that decision the defendant should be barred from any interest in the real estate owned by his father at the time of his death depends upon the relative value of that property compared with what he received by way of advancement. This has not been shown, and the cause must be remanded for a further hearing in that regard. The plaintiffs invoke the rule of the common law that one who has received property by way of advancement must bring it into hotchpot if he wishes to claim a share in the property left by the intestate. This rule has been abrogated by the statute, which reads:

"Property given by an intestate, by way of advancement to an heir, shall be considered part of the estate, so far as regards the division and distribution thereof,

and shall be taken by such heir toward his part of the estate at what it would now be worth if in the condition in which it was so given him.

"But if such advancement exceeds the amount to which he would be entitled, he can not be required to refund any portion thereof." (Gen. Stat. 1909, §§ 2959, 2960.)

Under this statute an heir who has received property as an advancement is charged with its value in its original condition, at the time of the intestate's death. If this is less than his full share he is entitled to the difference. If it is more, he is not required to refund anything. There is no occasion for his exercising an election, as his rights are fixed by the law.

The judgment quieting title against the defendant is reversed and the cause remanded for further proceedings. The plaintiffs are not entitled to a decree quieting title without showing that the property received by the defendant by way of advancement was equal to his share of the estate, regarding that property as a part of it; the defendant is not entitled to partition without showing that what he has received is not equal to his share.