No. 31,506

Frontier Lodge No. 104, Ancient, Free and Accepted Masons of Washington, *Appellee*, v. Howard L. Wilson, Arvel E. Wilson, Minnie I. Davis, Ida E. Allen, and N. A. Allen, Administrator c. t. a. of the Estate of Barton S. Wilson, Deceased; *Appellants*.

(30 P. 2d 307.)

Opinion filed March 10, 1934.

*J. R. Hyland,* of Washington, *W. D. Vance* and *Fred Emery,* both of Belleville, for the appellants.

*Edgar Bennett* and *A. C. Bokelman,* both of Washington, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This action brought by Frontier Lodge No. 104, Ancient Free and Accepted Masons of Washington, Kansas, a corporation, against the heirs at law of Barton S. Wilson, to establish and enforce specific performance of a contract said to have been made between Barton S. Wilson and his wife, Lydia Wilson, to leave by their wills their property to the plaintiff lodge. They did each make the plaintiff lodge the residuary legatee, but wills are revocable while contracts are irrevocable. The action is therefore not based on a will but on an alleged contract made between this husband and wife prior to or at the time of drawing and executing the wills. The trial court made findings of fact and conclusions of law, but failed entirely to make a finding of fact that the wills were contractual, but did make a conclusion of law that they were not only mutual and reciprocal, but also contractual, and rendered judgment for plaintiff, from which defendants appeal.

The petition alleged a contract. The answer denied it both generally and specifically. The plaintiff requested findings of fact that the wills were "executed in pursuance of a prior or antecedent agreement or contract entered into between themselves." The defendants requested findings that the wills were not contractual, and that there was no substantial evidence showing the existence of any agreement or contract between them upon which the wills were executed. The main issue in the case was whether or not the wills were contractual.

At the close of plaintiff's evidence the trial court overruled the demurrer of defendants to the plaintiff's evidence, and the defendants rested without the introduction of any evidence. When the trial court later filed findings of fact and conclusions of law the defendants filed a motion for judgment on the findings and a separate motion for a new trial. The motion for judgment on the findings was filed mainly because of the want of an essential and affirmative finding that the wills were contractual. Under the pleading of plaintiff in its petition it could not hope to succeed without an affirmative finding that the wills were contractual. Neither party requested the court for additional findings. Both parties appear to be satisfied with them. Appellants say they are supported by the evidence and for that reason appellants did not

bring up to this court any of the evidence. Appellee cites the case of *Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264, which quoted with approval from the opinion in the case of *Briggs v. Eggan,* 17 Kan. 589, that the court does not commit substantial error when it inadvertently fails to make a special finding upon some particular matter in controversy unless its attention is first called to the omission and it then fails or refuses to correct the same. Appellee also cites *Burns v. Burns,* 87 Kan. 19, where it was said—

"What is designated by the trial court as a conclusion of law will be treated on review as a finding of fact if it appears to be essentially of that character." (Syl. ¶ 1.)

The case of *Funk v. Insurance Co.,* 87 Kan. 568, 125 Pac. 35, is also cited by appellee, where it was held that a judgment implies a finding favorable to the prevailing party.

In answer to these three propositions it may very properly be said it is never the duty of the defendant to request the making of an omitted affirmative finding essential to the recovery of the plaintiff, but he will not be allowed to take advantage of an inadvertence without the attention of the court being called thereto. The proceedings had in connection with the motion for judgment for defendants on the findings show conclusively the omission of this essential finding was not an inadvertence or a presumption of favorable finding or the use of a conclusion of law for a finding of fact. These matters were all fully before the trial court, and he adhered to the findings as originally made by him as being "about as far as the court felt at liberty to go under the evidence," which amounted to a declination of the court to find from the evidence that the wills were contractual. The following portion of the journal entry as to the hearing of the motion for judgment for defendants on the findings of fact is pertinent and shows these matters were all before the trial court and that there was no occasion for inadvertence, presumptions or implications:

"Thereafter, to wit, on the 5th day of June, 1933, this cause comes further on to be heard before the court, the parties appearing as heretofore stated herein, upon the motion of said appearing defendants for judgment in their favor and as against the plaintiff, based upon the findings of fact made and filed by the court herein, and upon such presentation and argument thereof before the court, said defendants contended that the findings of fact were insufficient in law to authorize a decree herein in favor of the plaintiff for specific performance of the alleged contract sued upon by the plaintiff, said plaintiff contending that such findings of fact were sufficient in themselves,

and further, that said motion for judgment should not be allowed for the additional reason that said defendants have made no request for additional findings and that the conclusion of law numbered (1), as above set forth herein, may be considered, in effect, a mixed finding of fact and conclusion of law, and not a mere conclusion of law, and so considered the findings of fact were sufficient . . ."

This statement by the court as to the contentions of the parties is immediately followed by the following order and ruling:

". . . and thereupon, the court being well advised in the premises, announces that the findings of fact as made and filed herein, and as designated, based upon the evidence offered and received upon the trial of this action, were about as far as the court felt at liberty to go under said evidence, and the evidence, circumstances and such findings of fact constitute the basis for the conclusion of law by the court that the plaintiff was entitled to specific performance of the contract sued upon by the plaintiff, and which findings of fact the court considered sufficient under the law as the basis for the relief ordered awarded the plaintiff herein, and that because thereof said motion for judgment on the part of the defendants, should be, and is denied."

It will be noticed that the court did not make the findings of fact alone, a basis for its conclusion of law, but made the evidence, circumstances and the findings of fact such basis. This is equivalent to saying there was no evidence to support such a finding of fact.

Appellee says there is abundant evidence to establish the wills were contractual and therefore set out at length all the evidence in a counter abstract. A careful reading of it does not reveal the agreement, nor the consideration necessary to make a contract binding between this husband and wife, but it shows a plan and desire talked of before and after the execution of the wills. The trial court finds all these facts and enumerates them plainly in the findings of fact. Some of them are as follows:

"5. On October 20, 1926, Barton S. Wilson and Lydia Wilson each executed wills, copies of which are attached to plaintiff's petition. Each of said parties signed written consent to the will of the other.

"6. Prior to the execution of these instruments, and probably on October 19, 1926, an attorney of Washington, Kansas, F. R. Lobaugh, at the request of August Soller, a Washington banker, drew separate wills for the Wilsons. These were presented by Lobaugh and Soller to the Wilsons at their home, where there was some discussion among the parties in regard to the provisions thereof, and Barton S. Wilson exhibited to Lobaugh, a form of will which he had apparently written for himself. As a result of such visit and discussion new wills were drawn up by Lobaugh and executed by the Wilsons as aforesaid on October 20, 1926.

"7. Subsequent to the execution of the above wills and at the request of Barton S. Wilson an announcement was made in the Masonic Lodge,

plaintiff herein, to the effect that the Wilsons were leaving their property to the said lodge.

"8. On different occasions prior and subsequent to the execution of these instruments both of the Wilsons had made statements that they did not want the children of Barton S. Wilson to receive any of their property.

"9. Lydia Wilson died May 16, 1928, her will was admitted to probate, and Barton S. Wilson qualified as executor, and acted as such until his death August 9, 1929.

"10. On June 29, 1929, Barton S. Wilson executed a will, by the terms of which he revoked any and all wills which he had heretofore made, and gave to his niece Margaret E. Baker his household goods. After the death of Barton S. Wilson this will was admitted to probate.

"11. Subsequent to June 29, 1929, Barton S. Wilson told his said niece that he had willed her the household goods and that the personal property had been willed to the Masons, and he could not change that."

In none of these findings is there a reference to the making of a contract by this husband and wife, the approximate date thereof, or any of its terms or conditions, including consideration. These are the essential elements of any agreement, and the plaintiff took pains to allege in its petition the existence of an agreement.

Appellee cites among others the following Kansas cases: *Lewis v. Lewis*, 104 Kan. 269, 178 Pac. 421; *Harper v. Harper*, 83 Kan. 761, 113 Pac. 300; *Nelson v. Schoonover*, 89 Kan. 388, 131 Pac. 147; and *Menke v. Duwe et al.*, 117 Kan. 207, 230 Pac. 1065. The first of these cases is most nearly like the one at bar, although it is an action to quiet title and it concerns a joint will alleged to have been revoked by the survivor by the fact of a second marriage. The rights of the widow to inherit under the statute were the main grounds in this case for revoking the will, although the court stressed the fact of its being a joint will voluntarily made as proof of contract, yet there was no specific finding by the trial court as to an agreement. It is not contended that the language used in the separate wills in the case at bar, although exactly the same and executed the same day, contributed to the doing so by virtue of a prior agreement. In the case just cited it was said in the opinion, on page 273, "If it cannot be revoked, it must be because the instrument partakes of the nature of both a will and a contract." In the Nelson case, *supra*, it was said:

"A will executed under an agreement founded upon a valuable consideration is contractual as well as testamentary. In the latter aspect it may be revoked without the consent of the beneficiary, but not in the former. Its revocation as an instrument capable of probate is effected by the execution of a new

will, and this may be enforced so far as the provisions of the earlier will, which are based on contract, are not violated, but no further." (Syl. ¶ 3.)

As to making findings of fact, it was said in the Harper case, *supra*, it being an action to set aside a will—

"Where a court is requested at the commencement of a trial to prepare findings of fact and conclusions of law, it is the duty of the court to comply with the request, and if such findings state in separate paragraphs the facts presented, clearly, concisely, and in a manner that they may be readily understood, and so it will be apparent what conclusions the court reached and the facts upon which such conclusions are founded, this will be deemed a sufficient compliance with the request, even though some of the paragraphs may contain a compound of both fact and law and do not in every instance separate with technical accuracy the findings of fact from the conclusions of law." (Syl. ¶ 1.)

In the case at bar the trial court, as shown by the journal entry on the hearing of the motion for judgment for defendants on the findings, did not limit the basis for the conclusions of law to the findings of fact, after his attention had been called to the omission of the element of contract, but included the evidence and circumstances which usually are the only sources from which the findings are made.

The Menke case, *supra*, is cited by both parties hereto. It was an action by the widow to set aside a joint will, made by her husband and herself, and be allowed her statutory rights as widow. The court made findings of fact that at the time she signed the same she did not know or understand she was making her own will, and this court in affirming the ruling of the trial court said:

"A testamentary instrument jointly executed by husband and wife, stated to be 'our last will and testament,' and containing reciprocal testamentary dispositions of the separate property of each, is not necessarily contractual in character, either as a matter of fact or as a matter of law.

"A will of the character indicated, and the extrinsic evidence, considered, and *held*, nonexistence of a contract between the devisors making revocation by the wife after the husband's death wrongful, was proved." (Syl. ¶¶ 2, 3.)

The most that can be said for the findings in the case at bar was said in specific language in the joint will in the Menke case, viz., that the wills were executed after the matters had been thoroughly considered and the disposal of the property was as desired. The following portion of the opinion in the Menke case is very pertinent and applicable here:

". . . The draftsman inserted one provision evidently intended to apply to the whole instrument, which reads as follows:

" 'This will was executed after all matters were thoroughly considered, and disposal of all property is herein made exactly as desired.'

"Since care was taken to insert this paragraph in the will, it is fair to assume it tells the whole story. There was thorough consideration and exact expression of intention, but nothing more. If the instrument was the result of contract, under which the making of each will was consideration for making the other, that paragraph was the place in which to state the fact, and there is no such statement. The result is, the instrument itself, although declared to be 'our last will and testament,' although containing reciprocal testamentary dispositions, and although jointly executed, does not compel the inference that it was contractual in character. Furthermore, if the paragraph referred to had been omitted, and an inference of contract were strongly indicated, existence of a contract pursuant to which the instrument was executed, would nevertheless be a matter of fact, to be established . . ." (p. 220.)

This opinion is cited with approval in the case of *Warwick v. Zimmerman*, 126 Kan. 619, 270 Pac. 612, which was an action to set aside a joint will of husband and wife after the death of both of them, and it was held to be irrevocable because the will contained an agreement that the terms thereof could not be changed or varied by either without the consent of the other in writing, which made it contractual as well as mutual and reciprocal.

The existence or nonexistence of an agreement or contract is in its very nature a fact. Its validity or legality is a question of law. Unless an agreement did exist between this husband and wife at or prior to the time of executing these wills by them, concerning the making and execution of them, they are not irrevocable, and, as the trial court said he had gone as far in that direction as he felt at liberty to go and did not make any finding of fact as to the existence of any agreement or contract between these parties under which the wills were executed, an essential fact under the petition, we must conclude that the findings are not sufficient to support a ruling that the will in question is irrevocable.

"When an action is tried to the court, and the court is asked to make findings of fact and conclusions of law in accordance with R. S. 60-2921, it is essential that the findings made include all facts necessary to support the judgment." (*Young v. Washington County Comm'rs*, 127 Kan. 227, syl. ¶ 1, 273 Pac. 398. See, also, *Black v. Black*, 123 Kan. 608, 256 Pac. 995; *Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743; *Bichel v. Oliver*, 77 Kan. 696, 95 Pac. 396; and *Laupheimer v. Buck*, 135 Kan. 631, 11 P. 2d 721.)

Neither is our attention directed to statements in the evidence or circumstances in connection therewith which convince us of the

existence of such a contract, and without the existence of some such enforceable contract wills in this state can be revoked.

The judgment is reversed and the cause is remanded with instructions to set aside the judgment heretofore rendered in the case and render judgment for the defendants for costs.

THIELE, J., not sitting.