# WATTS v. STANTON et al.—190 S. W. (2d) 617.

Middle Section.    August 25, 1945.

Petition for Certiorari denied by Supreme Court, December 1, 1945.

E. A. Langford, of Cookeville, for appellant.

Worth Bryant, of Cookeville, and Solon Fitzpatrick, of Carthage, for appellee.

FELTS, J.   This is a bill to set up title in complainant to a tract of about 114 acres of land in Putnam County.

The defendants are Dill Stanton, a tenant, whom it was sought to enjoin from cutting and removing timber from the land; and Mae Slagle, widow of Dow (D. E.) Slagle, whose claim to the land was sought to be removed as a cloud on complainant's title.

A temporary injunction was issued, and a receiver was appointed to take charge of the land pending the suit. On the final hearing the chancellor sustained the bill, adjudged that complainant was the owner and entitled to possession of the land, and that Mae Slagle was estopped from claiming it. She appealed and has assigned errors.

Prior to 1916 the land was owned by Sallie Slagle, the first wife of Dow Slagle, and her brother, Bob Williams, as tenants in common, subject to the life estate or homestead of their mother, Carolyn Williams. In a partition suit this land was bought by Sallie Slagle and her husband, D. E. Slagle, and the decree vested the title "in the said D. E. Slagle & Wife Sallie Slagle by entireties." This decree was entered October 9, 1916.

About 1921 or 1922 D. E. Slagle and Sallie Slagle orally agreed with complainant Ben Watts, who was a cousin of Sallie Slagle, that if he would move onto the land, cultivate and improve it, and pay them the rents during their lives, they would will it to him at their death. Pursuant to this agreement he went onto the land, cultivated and improved it, and paid them the rents for twenty-two years. During this time he repaired and improved the buildings, built a barn, a crib, and a smokehouse, filled up gullies in the land, and made it much more valuable.

In March, 1925, Sallie Slagle made a will, which she left at her death in March, 1932. By this will she appointed her husband as executor, gave him all of her property absolutely except the land. She devised to him

a life estate in the land with the remainder to complainant, the pertinent part of the will being as follows:

"Third,—I give and bequeath to my beloved husband, Dow Slagle, all of my personal property and all of my real estate of which I may die seized and possessed except that piece of real estate situated in the Twelfth Civil District of Putnam County, Tennessee, known as the William Williams old home place and on which place I was reared, containing something like One Hundred Thirteen acres, and bounded on the north by Warren; on the South by Young; on the East by Wallace; on the west by McDonald, And this farm I give to my husband for and during his natural life and at his death to go to my cousin, Ben Watts, for whom I have very high regard and who is now living on my place and looking after and caring for it and taking great interest in putting it in a proper state of cultivation, and, on this account I feel like I want him to have this property after the death of my husband, for we have no children, nor do I have any brothers or sisters to whom to give it."

Dow Slagle qualified as executor, had her will probated March 7, 1932, and proceeded to execute it. He took and enjoyed all of her property, including the life estate devised to him in this land. Complainant continued to occupy the place and to pay Dow Slagle the rents until 1940, when they had a disagreement about some hogs and sheep; and Slagle told complainant to leave, and rented the land to Dill Stanton. But he continued to recognize complainant's remainder interest and stated he would like to buy out complainant.

In the meantime, Dow Slagle married Mae Slagle and in March, 1943, he died leaving a will in which, while not mentioning this land specifically, he bequeathed and devised to her all his property.

The chancellor held that the decree of 1916 vested title to the land in Dow Slagle and Sallie Slagle as tenants in common; that Dow Slagle had had Sallie Slagle's will probated and had taken the benefits under that will, which devised the remainder to complainant; that this constituted an election by Dow Slagle and operated as an estoppel upon him to dispute complainant's title under that will; that by reason of these facts and his continued recognition of complainant's right in the land he was estopped, and Mae Slagle claiming under him was likewise estopped, to dispute complainant's title.

█ Appellant insists that Dow Slagle and Sallie Slagle were joint tenants, not tenants in common. Counsel does not, and could not, deny that chapter 26 of the Public Acts of 1913 abolished tenancy by the entirety. Gill v. McKinney, 140 Tenn. 549, 205 S. W. 416; Kellar v. Kellar, 142 Tenn. 524, 221 S. W. 189.

His argument is that it was the intention of the parties that the decree should vest them with an estate of survivorship; that this intention could be given effect, under McLeroy v. McLeroy, 163 Tenn. 124, 40 S. W. (2d) 1027; and that the chancellor should have held that the decree created a joint tenancy in the husband and wife and by his survivorship he succeeded to the whole estate.

That case held that Shannon's Code, sec. 3677 (1932 Code, sec. 7604), abolishing joint tenancies, did not prevent a deed or will from vesting in two or more persons a life estate with a contingent remainder to the survivor or survivors. That decision has no bearing here. The only intention expressed by the decree was to create a tenancy by the entirety. That would have been its effect but for the statute which abolished such a tenancy.

In Gill v. McKinney, supra [140 Tenn. 549, 205 S. W. 419], Mr. Justice Lansden said:

"Being of opinion that the deed of Mrs. McKinney to Gill and wife did not create an estate by the entireties, it could not have created an estate of joint tenancy because that estate is abolished by our Code. Section 3677, Thomp.-Shan. Code. But they have taken by equal moieties as though they were not married and would be tenants in common."

It is next insisted that the chancellor improperly applied the doctrine of election. It is argued that this doctrine could not apply because Dow Slagle took nothing under the will he would not have had if his wife had died intestate; that he was entitled to her personalty by right of survivorship; that she had no land except that here involved; and that the will gave him no interest in that which he would not have otherwise had.

This overlooks the fact that since the husband and wife were tenants in common, he took and enjoyed a life estate in her one-half undivided interest under the will. If she had died intestate he would have owned a one-half undivided interest and her heirs the other one-half. Not having any children, he had no right of courtesy, nor did he have any homestead right. Kellar v. Kellar, supra. So he took by the will a life estate in her one-half undivided interest.

We think the chancellor rightly applied the doctrine of election. An instance for application of that doctrine is this: A wills to B C's property and in the same will gives to C property of A. C has two alternatives; (1) He may elect to take under the will, in which case he gets A's property and B gets C's; or (2) he may elect against the will, in which case he keeps his own property but forfeits A's property given him by the will. This doctrine has been applied under a variety of circumstances in numerous cases. Colvert v. Wood, 93 Tenn.

454, 25 S. W. 963; Johnson v. Covington, 148 Tenn. 47, 251 S. W. 893; Elmore v. Covington, 180 Tenn. 128, 172 S. W. (2d) 809; Nashville Trust Co. v. Winters, 23 Tenn. App. 262, 263, 267, 130 S. W. (2d) 152, 155; and cases there cited.

■ ■ Appellant assigns error upon the chancellor's overruling her motion to sustain her pleas of the statute of frauds because complaniant had not called them up for hearing at a former term. This was a matter within the chancellor's discretion. Stevens v. Brown, 173 Tenn. 234, 116 S. W. (2d) 1021; Doane v. Knoxville Inv. Corp., 159 Tenn. 76, 16 S. W. (2d) 186. Moreover, the pleas were irrelevant and without merit.

■ Appellant also assigns a number of errors upon the admission of certain evidence. The evidence, however, is not set forth or its full substance quoted in the assignments of error. They are, therefore, insufficient. Rule 11(3), Williams Code, Vol. 7, p. 546.

The chancellor's decree is affirmed. The cause will be remanded to the Chancery Court to the end that the receivership may be settled. The costs of the appeal are adjudged against appellant.

Howell and Hickerson, JJ., concur.