Mack LYONS, Allie Lyons Anthony, Elby Lyons and James A. Franklin, Executor of the Estate of Viola Lyons Franklin, Plaintiffs in Error,

v.

Melvin F. LUSTER, Individually, and as Executor of the Estate of Mary J. Lyons, Deceased, Odessa Littlejohn, Mrs. Laura Hunter and Love Mae Gibson, Defendants in Error.

No. 38467.

Supreme Court of Oklahoma.

Nov. 29, 1960.

Rehearing Denied Feb. 21, 1961.

Pearson & Moon, Carl W. Hogge, Oklahoma City, for plaintiffs in error.

W. F. Wilson, Jr., Oklahoma City, for defendants in error.

WELCH, Justice.

On August 7, 1941, S. D. Lyons, and his wife, Mary J. Lyons, executed a joint will for the devise of their properties. At the time the joint will was executed S. D. Lyons had seven living children by a former marriage, and Mary J. Lyons had one living child by a former marriage.

This will is many pages in length and we deem it not necessary to copy it here.

S. D. Lyons died within eight months after the execution of the joint will. Mary J. Lyons was named executrix of the estate. The will was admitted to probate and she elected to and did take under the terms of the will.

The estate was closed November 6, 1944, and on February 26, 1946, Mary J. Lyons published and executed a will by which she revoked all of the provisions of the joint will previously executed by her and her late husband, S. D. Lyons. She died July 22, 1957, and her will of 1946 was admitted to probate in July of 1957. Under the terms of this will her son, Melvin F. Luster, was the principal beneficiary. The plaintiffs, upon learning of the execution of the subsequent will, and that the beneficiaries under it were claiming that plaintiffs had no interest in properties which were to pass to them by the terms of the joint will upon the death of the survivor, brought this action in the district court of Oklahoma County to quiet title to their proportionate share of said properties, and for an accounting.

The trial court denied these plaintiffs any and all relief sought by their petition, and it is from said judgment this appeal has been perfected.

The trial court made findings of fact and conclusions of law as follows:

"Findings of Fact

"1. On August 7, 1941, S. D. Lyons and Mary J. Lyons, husband and wife, executed a conjoint will, by which each undertook to make disposition of his property, which dispositions appear natural and reasonable under the circumstances.

"2. Said conjoint will does not contain or embody a contract or contractual intentions between the parties which would defeat the ambulatory nature of the instrument or foreclose either testator from revoking the same as permitted by the Statutes of Oklahoma.

"3. Other than the conjoint will itself, and some evidence regarding the lives of the testators and their general family relations and circumstances, no evidence has been presented to establish

a contract to make a will between the said testators.

"4. The evidence taken in its entirety does not show that S. D. Lyons and Mary J. Lyons entered into a contract between themselves to make a will.

"8. On February 26, 1946, Mary J. Lyons executed a new will by which she revoked the aforementioned conjoint will executed with S. D. Lyons, and by which she made a disposition of her property contrary to the disposition made in said conjoint will.

"9. On July 22, 1957, Mary J. Lyons died; her will of February 26, 1946, has been admitted to probate in the County Court of Oklahoma County, Oklahoma, and the probate of her estate is now pending in that Court."

"Conclusions of Law

"1. An oral or written contract to make a will may be enforced in Oklahoma.

"2. A conjoint will itself and alone may contain sufficient data and specific expressions to establish a contract between the testators to make a will.

"3. A contract to make a will must be established by clear, cogent and convincing evidence and of such a nature as to leave no reasonable doubt of the terms and character of the contract; such evidence must be conclusive, definite, certain, and beyond all legitimate controversy.

"4. In Oklahoma, a conjoint will is ambulatory and may be revoked by either testator, as provided by 84 O.S.A. 52.

"5. Mere concurrent execution of a conjoint will is not enough to prove a legal obligation to forbear revocation; such mere concurrent execution has no tendency to show that there is a contractual obligation to make such a will. A valid contract to make a will must be established by evidence of the quality required by paragraph 3 immediately above.

"6. Any person executing a conjoint will with another does so with notice that such a will is subject to revocation.

"7. The conjoint will involved herein does not contain a contract or evidence of contractual intentions between the testators to make a will.

"8. The evidence is wholly inadequate to support the plaintiffs' contention that the said S. D. Lyons and Mary J. Lyons entered into a contract to make a will.

"9. The ambulatory or revocable nature of said conjoint will has not been defeated or foreclosed by any provision in the will or by any evidence of a contract between the testators to make a will which would have such effect.

"10. Mary J. Lyons had the legal right to revoke the conjoint will by her subsequent will of February 26, 1946."

Plaintiffs first contend that the joint will itself contains sufficient data and expressions to establish a contract between the testators for the devise of the properties.

In the case of Paull v. Earlywine, 195 Okl. 486, 159 P.2d 556, 557, one of the cases cited by plaintiffs in support of their contention, we did say:

"* * * In the matter of proof of the contract the will itself and alone, in some cases, has contained sufficient data and specific expressions to establish the contract. * * *"

However, we also said in the same paragraph:

"We think that the authorities are almost in unanimous accord that the proof of the contract must be clear and convincing, for in the absence of such contract a party may revoke his will at pleasure. 84 O.S.1941, Section 52. * * *"

We held in this case:

"Any person executing a conjoint or mutual will with another does so with

notice given by 84 O.S.1941, § 52, that such will may be revoked by any of the testators in like manner with any other will."

and

"Mere execution of mutual wills has no tendency to show that there is a contractual obligation to make such wills."

In this case we quoted from Frontier Lodge No. 104, A. F. & A. M. of Washington, Kansas, v. Wilson et al., 139 Kan. 75, 30 P.2d 307, wherein the Supreme Court of Kansas held:

"In an action by the residuary legatee in separate wills executed by husband and wife, to enforce specific performance of a contract said to have been made by the husband and wife to leave their property to such residuary legatee, the affirmative proof of the making and existence of such agreement is essential to plaintiff's recovery, and either of such wills made without such a contract is revocable by the execution of a subsequent will."

We are of the opinion that the above applied rule as to mutual wills is also applicable to joint wills.

In the second paragraph of the joint will S. D. Lyons and Mary J. Lyons set forth the date of their marriage, the fact that they both possessed some property at that time, and that through their joint efforts they had acquired additional property, all property had enhanced in value and that they had reached the age of life where they deemed it advisable to provide for the distribution of their respective estates as they deemed just and equitable. Upon consideration of this paragraph, together with the other provisions of the will, it may fairly be assumed that there was thorough consideration and exact expressions of intention, but nothing more. If the instrument was the result of a contract, under which the execution on the part of one was consideration for the execution on the part of the other, or that such will was to be irrevocable, that paragraph was the place in

which to state such fact, and there is no such statement. The plaintiffs do not point to any such statement any where in the will, nor have we been able to find one.

■ Before a court of equity may specifically enforce a contract to devise property, the proof of the contract must be so cogent, clear and forcible as to leave no reasonable doubts as to its terms and conditions, and the mere fact that a joint will is reciprocal and contains identical provisions and that it was executed at the same time and before the same witnesses is not of itself sufficient evidence to establish a contractual relationship so as to prohibit the revocation of a joint will. Horton v. Cronley, Okl., 270 P.2d 306; Paull v. Earlywine, supra; Menke v. Duwe, 117 Kan. 207, 230 P. 1065, and Rolls et al. v. Allen, et al., 204 Cal. 604, 269 P. 450.

■ In order to attribute to the joint will the quality of irrevocability, the burden was upon the plaintiffs to make affirmative proof of the existence of a contract either by indisputable evidence or by the terms of the will itself. Rolls v. Allen, supra; Frontier Lodge, etc. v. Wilson, supra. We are of the opinion plaintiffs have failed to meet this burden.

Plaintiffs next contend that since survivor in the joint will received greater benefits from said will than she would have received under the laws of succession, she is estopped from denying that the joint will is a contract.

Horton v. Cronley, supra, and Rolls v. Allen, supra, are the two cases stressed most in argument by plaintiffs. Upon examination of the cases we are unable to find where they support plaintiffs' argument concerning estoppel.

■ We have considered the other authorities cited by plaintiffs in C.J.S. and Nashville Trust Co. v. Winters, et al., 23 Tenn.App. 262, 130 S.W.2d 152, wherein the general rule of estoppel is quoted as to the effect that by accepting benefits a person may be estopped from questioning the existence, validity and effect of a contract, and that under the doctrine of election, the one

accepting benefits under a deed or will must adopt whole contents of the instrument. We do not disagree with this rule, however, we do not agree that this rule is applicable to the revocation of a joint will by the execution of a new will by one of the testators.

■■ Since we are of the view that no contract is shown to have existed, the rule of estoppel as to contracts is not applicable here. Our court has passed upon the question as to one's right to revoke a joint will at pleasure under 84 O.S. 1951 § 52. Paulls v. Earlywine, supra.

The joint will was revoked by the survivor upon her executing the subsequent will, and same was authorized by statute. Plaintiffs have failed to furnish us with authorities, nor have we through independent research been able to find any, wherein the doctrine of estoppel is applicable to a joint will not based upon a contract where statute authorizes revocation, as herein.

■■ It is finally argued by plaintiffs that under the terms of the joint will survivor received only a limited estate. The only case from this court cited in support of this argument is In re Dale's Estate, 167 Okl. 240, 29 P.2d 88, 92. There was a provision of limitation in the will before the court in the Dale's Estate case, which provided the survivor should take and could use and dispose of the same in such manner as he or she so desired, could make gifts of money or property, or purchase other property as he or she may desire; but upon the death of such survivor the property of the estate still remaining of which the survivor died seized should be divided and descend to parties designated therein. Here the limitation is a part of the same paragraph and statement of the devise to survivor. We must not overlook that therein the court went on to say:

"The judgment of the trial court was based on the case of Donohue v. Skinner, 118 Kan. 215, 234 P. 1000, which is not in point, for in that case the original devise was absolute and unlimited in which the testator bequeathed to his wife 'all of my real estate, * * forever.'

"In a later paragraph testator attempted to devise and bequeath at the death of his wife the estate, that 'she may have.' The court properly held that the first devise was absolute, and the remainder of the will did not operate to limit or lessen the absolute estate so granted. Other cases holding to the same general effect are: Wells v. Brown, 167 C.C.A. 180, 255 F. 852; McNutt v. McComb, 61 Kan. 25, 58 P. 965; Thornbrough v. Craven, 284 Mo. 552, 225 S.W. 445; Meyer v. Weiler, 121 Iowa 51, 95 N.W. 254; Garrard v. Kendall, Ky., 121 S.W. 997; Knight v. Knight, 162 Mass. 460, 38 N.E. 1131; Killefer v. Bassett, 146 Mich. 1, 109 N.W. 21; Fecgles v. Slaughter, Tex. Civ.App., 182 S.W. 10; Totten v. Dawson, 104 W.Va. 274, 139 S.E. 858."

Here we have the same distinction as shown by our court in the above quotation. The third paragraph of the joint will here provides:

"Third: With the purposes enumerated in the next paragraph hereinabove, I, S. D. Lyons, do hereby give, devise, and bequeath unto my beloved wife, Mary J. Lyons, all of my property, both real, personal and mixed, wherever situated, with the right during her lifetime to receive all of the rents, oil and gas royalties, and bonuses of any kind and character whatsoever, for her own individual use, except such property as is hereinafter specifically bequeathed to certain named beneficiaries at the time of my death, said property to become her own individual property, to be sold, traded, or disposed of in any manner that she may deem advisable; and I, the said Mary J. Lyons, do hereby give, devise, and bequeath unto my beloved husband, S. D. Lyons, all of my property, both real, personal and mixed, wherever situated, except such property as hereinafter specifically bequeathed to my son, M. F. Luster, at the time of my

death, said property to become absolutely vested upon my death in my said husband, S. D. Lyons:"

Then, as in the Donohue case, supra, we have paragraph nine, which is a later paragraph attempting to devise that part of the estate held by survivor at her death. Therefore, we are of the opinion that the rule followed in the Donohue case, supra, is applicable here instead of the one followed in the Dale case, supra.

In view of the language used and distinction given by our court in the Dale case, we are of the opinion had the limitation appeared in a later clause or paragraph after absolute devise as in the Donohue case, and in the case before us, our court would have followed the rule in the Donohue case and held the estate not to have been a limited estate.

Here, we have in the third paragraph of the joint will a devise of an absolute estate, authorizing survivor to dispose of it or any part thereof in any manner survivor may deem advisible. There was no provision in this paragraph for a limitation. Although there was a provision in paragraph nine of said will as to how said estate should be disposed of, which was vested in survivor at his or her death, we do not construe this later provision to constitute a limitation upon the former devise, we are of the opinion that the more logical construction is that it was intended by the parties that in the event the survivor had not disposed of all of the estate either by sale, gift or will, then they each preferred that said estate be distributed in the manner provided in paragraph nine instead of under the laws of succession.

This construction is in harmony with our construction heretofore given as to the intent of the Legislature in enacting the second subdivision of Section 213, Title 84 O.S.1951, which reads in part as follows:

"* * * Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

We have construed this provision not to be a limited estate so as to preclude the survivor from bequeathing by will. Black. v. Haynes, 45 Okl. 363, 145 P. 362, and In re Lang's Estate, 189 Okl. 516, 118 P.2d. 228.

Therefore, for the reasons above set forth, the judgment of the trial court is affirmed.

Affirmed.

DAVISON, C. J., and HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD and BERRY, JJ., dissent.