W. S. Bratton v. P. B. Cross.

| 22 | 673 |
| 78 | 121 |

School Land, *Purchase of.* Under the laws of Kansas, actual residence is required to enable a person to purchase, to the exclusion of others, a particular piece of the school lands of the state. This is inferred from §§ 4, 5, 6 and 20, of art. 14, ch. 122, Laws of 1876 (Comp. Laws of 1879, pp. 854, 857, §§ 195, 196, 197 and 211), which provide for only persons who have "settled upon and improved," or who are "actual settlers" upon such lands, purchasing the same to the exclusion of others.

43 — 22 KAS.

*Error from Pawnee District Court.*

AT the June Term, 1878, of the district court, *Cross,* as plaintiff, had judgment against *Bratton,* as defendant, who brings the case to this court. A sufficient statement of the facts appears in the opinion, *infra.*

*Van Winkle & Strang,* and *Sterry & Sedgwick,* for plaintiff in error:

The whole question is to be determined by ascertaining the correct definition of the words "settled upon," in connection with the words "actual settlers," as used in the statute concerning school lands.

By force of the statute, words and phrases are to be construed according to the approved usage of the language, except where such words and phrases have acquired a peculiar meaning in the law. Construing the above-quoted words under this statutory maxim of construction, there can be no reasonable doubt but that the legislature intended, by the use of the words "settled upon," and the words "actual settlers," to include only persons who were at the time residing upon the land, and making it their home. Webster defines the word "settle," when used in the sense in which it is employed in this statute, to mean "to fix one's place of residence;" "to establish one's self for continuous abode;" "to enter into the state of a householder." Taking these definitions of the word "settle" as those which should control, we find that, in order to become a settler upon a piece of land, a person must take up his residence thereon; and that a person not residing upon a tract of land cannot be said to be a settler upon such land. If the above be correct, then only persons actually residing upon school lands can be allowed to purchase them at private sale.

Again, if a person not residing upon the land, may, by cultivation alone, acquire the exclusive right to purchase at private sale a quarter-section of school land, it follows that a person residing in another county, state or country, may, by

having a small portion of such land cultivated in his name, acquire the same right, to the exclusion of a citizen of the county and neighborhood in which the land is situated; and thus a non-resident of the state may, at a trifling expense, obtain a quarter-section of the school lands of the state for purely speculative purposes, to the exclusion of actual settlers. But we are not without authority on this question, and refer to 25 Pa. St. 106; 5 Serg. & R. 267; 4 Yeates, 330, 530; 46 Tex. 152; 15 La. An. 237; 20 Iowa, 30.

*Nelson Adams,* for defendant in error:

The presumptions are all in favor of the court below — that its judgment was correct upon all the papers, pleadings, admissions, agreements, proceedings and findings.

If the legislature intended that no one should purchase school lands except actual residents thereon, it would have said so. (Laws of 1876, pp. 281, 282, §§ 4, 5, 6; Lester's Land Laws, vol. 1, p. 380.)

The opinion of the court was delivered by

VALENTINE, J.: This case has been brought to this court on a transcript of the record, and not upon a "case-made" for the supreme court, and hence, a motion to dismiss the case for any want or insufficiency of the "case-made," must be overruled.

The case was tried in the court below, by the court without a jury, upon the following agreed statement of facts, to-wit:

"It is agreed that the above action may be tried by the court on the 26th day of August, 1878, without a jury, upon the following facts, which are agreed to be all the facts in the case, with the right of appeal and review to each party, to-wit:

" 1. The plaintiff went upon the S. E. ¼ section 36, township 22, range 18, Pawnee county, Kansas, the same being school land, the title being in the state of Kansas, about June 1, 1877, and commenced to plow; that he plowed during the summer of 1877, sixty acres, and sowed a part to

wheat that fall; that he plowed ten acres more in 1878, and partly built a sod house in 1877; that he never completed the same, and to the commencement of this suit has never lived on the land. He took the same for the purpose of purchasing it under the laws of Kansas pertaining to the sale of school lands. He harvested the crops sown in the fall of 1877, in the summer of 1878.

"2. The defendant went upon the same land for the purpose of purchasing it under the laws of Kansas relating to the sale of school lands, on May 9, 1878, built a house on this land, and has resided thereon continuously since. He has plowed some of the land (about thirty acres), and prepared to put in a crop of wheat this fall.

"3. The only question submitted for decision is this: Is actual residence required for one to become the purchaser of school lands under the laws of Kansas?

"If it is not so required, the judgment may be for plaintiff for costs, and the injunction may be granted as asked. If it is so required, the judgment may be for the defendant for costs, and the injunction wholly denied."

The court below upon the agreed statement of facts found as a conclusion of law that an actual residence upon the land was not required to enable the plaintiff to become a purchaser of the same, and therefore the court rendered judgment in favor of the plaintiff, forever enjoining the defendant from interfering with the plaintiff's possession, and for costs; to all of which findings, conclusions and the judgment, the defendant duly excepted.

The only question which we think we are called upon to decide is, whether under the laws of Kansas actual residence is required to enable a person to purchase, to the exclusion of others, a particular piece of the school lands of the state. The decision of this question depends entirely upon the construction that may be given to §§ 4, 5, 6 and 20, of art. 14, ch. 122, Laws 1876. (Comp. Laws of 1879, pp. 854, 857, §§ 195, 196, 197, 211.) Under said sections, only persons who have "settled upon and improved," or who are "actual settlers" upon such lands, can so purchase them to the exclusion of others. Sections 4, 5, and 6, use the words "settled upon and improved," while § 20 uses the words "actual set-

tlers." To "settle" upon land we think means to fix one's place of residence thereon; and a "settler" upon land is one who resides thereon. This is in accordance with all the definitions of the words "settle," "settler," and "settlement," when applied to settlements upon land. (See any of the dictionaries, and also *Smith v. Beck,* 25 Pa. St. 106; *Burleson v. Durham,* 46 Tex. 152; *Wilson v. McLernan,* 20 Iowa, 30, 33; *Munday v. Muse,* 15 La. An. 237; *Gilday v. Watson,* 5 Serg. & R. 267; *Clemmins v. Gottshall,* 4 Yeates, 330; *McLaughlin v. Maybury,* id. 534.)

A person who has done nothing more than to make *improvements* on the land cannot, under §§ 4, 5 and 6, purchase the same. He must also have *settled* upon the land. In the language of these sections, he must have "settled upon *and* improved" the land. Both are necessary. Probably a person might, by going upon school land, and making improvements thereon, with the *bona fide* intention of becoming a settler thereon, obtain rights thereto, which would date from the very first moment of his occupancy; but he evidently could not purchase the land as an exclusive purchaser until he had completed his settlement. If he did not go upon the land with the intention of becoming a settler (and that seems to be this case), evidently he would not obtain any rights thereto or thereon. A person residing in New York, or anywhere else in the world, might take possession, and *actual* possession, of school lands of Kansas, and possession not only of one piece, but of many pieces, and might make improvements on all of such pieces; but we would not think that he would thereby become a settler upon all of such pieces, or indeed upon any one of them, or that he would thereby get the exclusive right to purchase the same; nor would we think that he would obtain any exclusive rights in or to any of them. But according to the theory of the plaintiff in the court below, he would obtain the exclusive right to purchase every one of them. Where the plaintiff in the present case resides, the record does not show, and we are not informed.

Section 20, above referred to, after providing for the pur-

chase of school lands by "actual settlers," then contains a *proviso*, "that the person *so residing* upon said school lands" [evidently referring to "actual settlers"] "shall have the privilege of purchasing said land, exclusive of the appraised value of the improvements." Evidently the words, "actual settlers," as here used, mean actual residents.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered upon the agreed statement of facts, in favor of the defendant and against the plaintiff for costs, and that the injunction prayed for by the plaintiff be denied.

All the Justices concurring.