## HIRAM SMITH v. W. P. FLORENCE.

Decided June 30, 1906.

**Purchase of School Land—Actual Settlement.**

In a contest between applicants to purchase school land from the State the evidence for the defendant as to actual settlement on the land was, in

substance, that on the evening of September 22, 1902, he drove upon the land with his wagon and buggy, in which were contained all his household goods and means of living; that on the next day he drove to the county seat in his buggy, leaving his wagon and household goods upon the land, and made application to purchase the land; that he used his covered wagon as his place of abode until he constructed a house and made other substantial improvements in November following; that the lumber, wire, posts and stock feed were put upon the land in October; that he moved upon the land for the purpose of making it his home and had continuously thereafter resided on the land; that he was a widower without family. The plaintiff settled upon the land and made application to purchase the same two years later. Held, that the evidence of actual settlement by defendant was sufficient to support a verdict for him.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*L. W. Dalton, W. D. Benson* and *John R. McGee*, for appellant.—Appellee having made no settlement upon the land in controversy prior to the time of making his applications to purchase the same, his applications, obligations and affidavits attached thereto, were absolute nullities and he acquired no rights whatever to the land in question under such applications to purchase. Sayles Civ. Statutes, art. 4218f; Acts first called session Legislature, 1900, pp. 32, 33; Acts of 1901, regular session, p. 254; Acts of 1901, regular session, secs. 3, 7, pp. 294-6; Busk v. Lowrie, 86 Texas, 128; Cordill v. Moore, 17 Texas Civ. App., 219; Lee v. Green, 24 Texas Civ. App., 110; Thomson Bros. v. Hubbard, 5 Texas Ct. Rep., 299; Metzler v. Johnson, 1 Texas Civ. App., 139; Eastin v. Furgeson, 4 Texas Civ. App., 646; Willoughby v. Townsend, 93 Texas, 80; Martin v. Marr, 2 Texas Ct. Rep., 396; Briggs v. Key, 6 Texas Ct. Rep., 92; Lewis v. Scharbauer, 8 Texas Ct. Rep., 268; Jones v. Bourbonnais, 60 S. W. Rep., 986; Borchers v. Mead, 17 Texas Civ. App., 35; Renner v. Petterson, 51 S. W. Rep., 867.

*Wm. J. Berne*, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellant to recover from appellee two sections of school land in Lubbock County, which had been awarded to appellee on applications made about two years prior to those of appellant. The case was submitted on special issues, and the jury found: (1) That appellee was an actual settler at the date of his purchase from the State (—— day of September, 1902), and that he had thereafter continuously resided on the land, making permanent improvements thereon of the value of $300; (2) that appellant was an actual settler at the date of his application, and had also continued to reside on the land.

Appellant strenuously controverts the sufficiency of the evidence to warrant the finding that appellee was an actual settler at the date of his purchase, making the following quotation from his testimony to sustain the contention: "My name is W. P. Florence and I am the defendant in this case. I drove on section No. 113 of the land in controversy with my wagon to which was trailed a buggy, on the 22d day of September, A. D. 1902; the wagon was full of household goods consisting of bed-

ding, two mattresses, eight or ten quilts, four pillows, a supply of slips for each pillow, kitchen and cooking vessels, grips and boxes containing clothing, two carpets, lamp and oil, window curtains, some provisions and a lot of books—about 200 volumes, and other articles; the wagon had bows and a sheet stretched over the bows in the usual way; I drove on this section of land in the evening with the wagon, buggy and household goods as stated, ate my supper there in the wagon and slept there in the wagon that night; I had some provisions cooked and ate a cold supper; the next morning I ate a cold breakfast of the same provisions; I have no recollection of making a fire there the next morning; this wagon and buggy was standing on the section No. 113 of the land in controversy, and this is what I did in making settlement on the same; the next morning, September 23, 1902, I hitched my horses to the buggy, leaving the said wagon and household goods there on the land, and leaving the household goods in the wagon the same as they were when driven on the land the evening before, drove into the town of Lubbock and made my application to purchase the land in controversy in this suit, on that day, the 23d day of September, A. D. 1902; when I left my wagon there that morning I left everything that I had there in the wagon; I left nothing outside of the wagon on the ground and had nothing else on the land, at that time; I never did have a tent on the land and never had anything on the land but my wagon with the household goods in it as stated, up to the time that I built my house on this section of land in November following, except the lumber, wire, feed and posts that I put there in the latter part of October, 1902."

The evidence further disclosed that appellee was an unmarried man (though he had once been married) and had no family; that he went on the land for the purpose of making it his home, taking with him all his household goods and means of living, and treating the covered wagon, which remained stationary, as his place of abode until he had constructed a house and made other substantial improvements, which were made, however, after the award to him, but before appellant had filed his applications; and that appellee had no other home or place of residence.

We are thus again confronted with the difficulty, so often encountered heretofore, of determining the sufficiency of the proof offered of actual settlement on the part of a purchaser or an intending purchaser of school lands. (See Borchers v. Mead, 43 S. W. Rep., 122, and several other cases. The definitions by which the proof in a given case is to be tested are as follows: "Actual settlement means actual residence." (Mosely v. Torrence (Calif.), 12 Pac. Rep., 430.) The same court, in Gavitt v. Mohr, 10 Pac. Rep., 337, used this language: "An actual settler upon land belonging to the state is one who establishes himself upon the land, or fixes his residence upon it, to take possession, for his exclusive occupancy and use, with a view to acquire title to it by purchase from the State." In Bratton v. Cross, 22 Kan., 673, this language was used: "To settle upon land we think means to fix one's place of residence thereon; and a settler upon land is one who resides thereon. This is in accordance with all the definitions of the words settle, settler and settlement, when applied to settlements upon land," citing, among other cases, that of Burleson v. Durham, 46 Texas, 152, where the question is discussed at length. Read in the light of these

definitions, can we say that the facts of this case did not warrant the inference that appellee established himself, or fixed his residence on the land in controversy when he went there and stopped his wagon, prepared and intending to then and thereafter live and remain permanently? We think not. There must always be a time when residence, or the state of being a resident, begins, and the use of a covered wagon as a habitation until something better can be provided is not conclusive evidence that one so living is a wayfarer and not a settler.

It is not easy to distinguish this case from the unreported case of Hawley v. Rodgers, decided by us November 26, 1904, in which we adopted the conclusions of the trial court and in which a writ of error was refused. The principal difference between that case and this is to be found in the fact that Rodgers, after going on the land in his wagon, took the wagon bed off, slept a part of one night in it, and left on the running gear of his wagon early the next morning, after building a brush pen around the wagon bed to protect the provisions and other things he had placed in it. He was a married man, had his wife with him, and cooked and ate one or two meals while there.

The other findings were also warranted by the evidence.

The judgment is therefore affirmed.

*Affirmed.*