JACKSON et al. v. BLAIR.

(Court of Civil Appeals of Texas. El Paso. March 26, 1914. Rehearing Denied April 16, 1914.)

1. Pleading (§ 248*) — Trial Amendment — New Cause of Action.

Where a broker sued for commissions for selling a ranch on an express contract to pay him the balance of the price above $20,000, alleging that he sold the ranch for $25,000, a trial amendment setting up a claim on a quantum meruit stated a new cause of action, and was not authorized under Rev. St. 1911, art. 1824, providing that amendments to pleadings must be filed under leave of court before the parties announce ready for trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 708½, 709; Dec. Dig. § 248.*]

2. Brokers (§ 82*)—Action for Commissions —Pleading and Proof—Variance.

Plaintiff, a broker, sued for commissions on the sale of a ranch, alleging an express contract to pay him the balance of the price over $25,000, and that he procured an enforceable contract for the sale of the ranch for $25,000; that he was the procuring cause of the sale, and was entitled to his commissions, whether the title to certain sections of the ranch failed or not. At the trial he testified that he knew before he undertook to sell the land that he must sell the entire ranch, including the sections to which the title was defective, and that, unless the title to those sections could be cleared, the ranch could not be sold for the price. Held, that plaintiff did not prove the case alleged, and was therefore not entitled to recover anything for his services.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by defendant W. S. Blair against H. M. and O. B. Jackson. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

J. F. Woodson, of El Paso, and Howell Johnson and John R. Storms, both of Ft. Stockton, for appellants. J. D. Martin and W. Van Sickle, both of Alpine, and Geo. Thurmond, of Del Rio, for appellee.

HARPER, C. J. This suit was brought by W. S. Blair against H. M. and O. B. Jackson, in which the appellee sought to recover the sum of $5,000 upon an express contract that he was to receive from the sale of the I N K ranch all over the sum of $20,000 for which the ranch might be sold; said Blair being a real estate broker, and the appellants, H. M. and O. B. Jackson, being the owners of the ranch.

The appellants entered into an enforceable contract for the sale of the ranch to one Dr. J. P. Sparks about the 8th day of December, 1909, for the sum of $25,000. At the time of the signing of the contract, about 6½ sections of the land were in controversy in reference to the title. Simultaneously, and in the same contracts made between the Jacksons and Sparks, it was agreed that the sum of $7,000 of the consideration of $25,-000 should not be paid, unless the title to the 6½ sections of land was cleared by the Jacksons.

Appellee sued for the sum of $5,000, basing his recovery upon a contract that he was to receive all over the sum of $20,000 for which the ranch should be sold. The appellants answered in substance that, if any contract was made by and between plaintiff and defendants, at the time of making the contract for commissions on the ranch, that the plaintiff was informed by defendants that the title to 6½ sections of the land was in controversy, and that they would only make contract with the plaintiff on the consideration that he should receive all over $20,000 which he might be able to sell the ranch for, and no consideration, unless it brought over this sum.

After the evidence was all in, the court permitted appellee to file, over the objections of appellants, a trial amendment in which he alleged that any defect in title to any of the lands was not caused by plaintiff; that the defects were known to defendants, and, notwithstanding the defects, plaintiff was employed by defendant to find a purchaser, which he did, and the lands were sold for $25,000; that it was not his fault title failed; that a contract of sale was executed to purchaser found by him, who was ready and able to take the property; therefore he was entitled to the $5,000 agreed upon; and in second count set up a recovery upon the plea of quantum meruit, 5 per cent. being reasonable value of services. The jury returned a verdict for the

sum of $980, $80 of which was afterwards remitted by the appellee. Defendants in due time filed motion for new trial, which was overruled, and in open court gave notice of appeal.

Appellee, W. S. Blair, testified to the following facts, upon which he relies for a recovery in this cause: "H. M. Jackson was at my house, and I asked him with regard to the price that we should fix for it, and he priced it to me at $25,000, and agreed that I should have a commission of whatever the ranch brought over $20,000. I asked him to designate the sections and their numbers, and he told me that he had 16½ sections of land. I got the map, and he pointed them out to me. I accepted the proposition. In November, 1909, I met Dr. Sparks, who told me that he wished to buy a ranch. I showed him Mr. Jackson's ranch, and I got Jackson over the telephone and told him that I had buyers with me. We met Mr. Jackson at Monahans, and I introduced them. * * * [Other matters leading up to the sale.] The price of the I N K ranch made to Dr. Sparks was $25,000, and he was willing to give it, and afterwards entered into a written contract in March, 1910. I knew that Le Fever was claiming 6½ sections of the ranch, and that they were a part of what I was selling. I told Dr. Sparks that there was some trouble about these sections. I told him that the Jacksons thought they could recover them, and that I did too. Yes; I knew before I undertook to sell the land that I must sell the entire ranch, including the 6½ sections in dispute, for more than $20,000 before I was entitled to any commission. I understood that unless these 6½ sections could be cleared up in title that the ranch could not be sold for $25,000. There was nothing said by Mr. Jackson in regard to reduction of price in case of failure of title to any part of the land."

Briefly stated, appellant's four assignments of error charge that the court erred (a) in permitting appellee to file trial amendment after all the evidence was in, under the original pleadings, setting up a claim of quantum meruit; (b) in permitting appellee to testify to the reasonable value of the services performed when the evidence showed that, if he had a contract as real estate agent to sell the lands, it was an express contract that he should sell the entire ranch for more than $20,000, and that his compensation for services was to be all over that amount which the ranch in its entirety should bring.

[1] In the matter of allowing amendments to pleadings, pending a trial, to meet the proof, the courts of the state have established the rule (interpreting that portion of article 1824, Rev. Civil Stat. 1911, which reads: "All amendments to pleadings * * * must * * * be filed under leave of court * * * before the parties announce ready for trial") that the trial judge should allow the amendment, if it appears that the new matter to be pleaded was not known to the party when he filed his pleadings, and that it raises no new issue in the case, and that, to meet the ends of justice, the amendment is necessary. Gwinn v. O'Daniel et al., 5 Tex. Civ. App. 112, 23 S. W. 850. It cannot be said that plaintiff did not know about the new matter pleaded, and that it raises a new issue there can be no question, so it was error for the trial court to permit the trial amendment to be filed.

[2] It matters not whether it was error to permit the amendment to be filed, for a proper construction of the contract as testified to by the appellee quoted above would not permit him to recover under either of his pleadings.

While he pleads that, if he was the procuring cause of the sale, he was entitled to his compensation, whether the title to the 6½ sections failed or not, he testified that he knew before he undertook to sell the land that he must sell the entire ranch, including the 6½ sections, for more than $20,000 before he was entitled to any commissions, and that, unless the 6½ sections could be cleared up, the ranch could not be sold for the price. He therefore did not prove his case as he alleged it; therefore he is not entitled to recover anything for his services.

The cause is therefore reversed and rendered for appellant.

McKENZIE, J., did not sit in this case.