TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant;

v.

F. P. COWAN, Appellee.

No. 15540.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 10, 1954.

Rehearing Denied Oct. 8, 1954.

Nelson & Sherrod, Eugene Sherrod, Jr., Wichita Falls, for appellant.

Peery, Wilson & Spell, Kenneth C. Spell, Jr., Wichita Falls, for appellee.

BOYD, Justice.

This is a workmen's compensation case. Appellee F. P. Cowan obtained a judgment against appellant Texas Employers' Insurance Association for 14 weeks total disability and for 55 per cent partial disability for 156 weeks. Appellee alleged total and permanent disability as the result of an accidental injury sustained on July 3, 1953.

Appellee was an employee of a painting contractor and was applying lacquer to a door inside a building. A pot of lacquer had been placed on a stepladder near appellee. A co-worker moved the ladder, and the pot of lacquer was thereby caused to fall, striking appellee on the head, and the lacquer was spilled on his head, face, body and clothing. Appellee was not disabled by the force of the pot striking his head, but he immediately became ill from the fumes and his skin was burning. The next day he was "blistered all over."

The accident happened on Friday; there was no work Saturday or Sunday; on Monday appellee returned to the building to work, but felt "fainty" and went home. On the next day he returned to work and continued to work most of the time un-

til August 6. While working he was being treated by a physician of his own choosing.

The trial was had in December, 1953. Appellee testified that there was some kind of eruption on his arms, which were "broken all out," and that his skin "was a complete sore;" that there were "running sores" all over his arms, and that they spread over his forehead and body; that for a time his arms were so swollen that he could not bend them; that the injury left him in a "terrible nervous state;" that he could not rest; that he had a headache "that won't quit;" that he did not have that trouble before the accident; that there was still some eruption; that his skin was still breaking out on his throat, between his fingers, and "all on my leg;" that there was still irritation of his back and shoulders; that there were more sore spots on one leg at the time of the trial than there were in August; that his arm "isn't near normal, from the loss of all that flesh that came off." Appellee admitted that his condition had improved from what it was at one time, but he said that he was not getting well too fast.

Physicians described appellee's condition as "a contact dermatitis," caused by contact with lacquer; and the opinion was expressed by some of them that appellee could return to work if he was not exposed to irritating substances.

The jury found that appellee sustained an accidental injury, and that his disability was not due solely to disease. The jury failed to find that he had suffered an acute disease, condition or allergy as a result of his employment.

Appellant's only point for reversal is that the undisputed evidence showed that appellee's disability was due to a contact dermatitis, declared by statute to be an occupational disease, and it was error to render judgment for more than 14 weeks' compensation, that being the length of time appellant says that the disease persisted in an acute state. We do not believe that the judgment is vulnerable to appellant's attack.

Section 20 of Article 8306, R.C.S., Vernon's Ann.Civ.St., provides: "Wherever the terms 'injury' or 'personal injury', are used in the Workmen's Compensation Law of this state, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. Unless from the context the meaning is clearly to the contrary, such terms shall also be construed to mean and include occupational diseases, as hereinafter defined. The following diseases only shall be deemed to be occupational diseases:

\* \* \* \* \* \*

"(g) Dermatitis, that is, inflamation of the skin due to oil, cutting compounds or lubricants, dust, liquids, fumes, gases or vapors; \* \* \*."

Section 27 of the same Article provides: "In any case wherein the employment causes an acute disease, condition or allergy which can be arrested by a change of employment or by medical treatment under which the employee will suffer no objective symptoms of such disease, condition or allergy, the employee shall be entitled to compensation only for the period during which said disease, condition or allergy persists in an acute state."

In Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464, 465, it was said: "A disease acquired in the usual and ordinary course of an employment, which from common experience is recognized to be incidental thereto, is an occupational disease and not within the contemplation of the Workmen's Compensation Act, but an injury resulting from accident is something which occurs unexpectedly and not in the natural course of events. \* \* \* A distinguishing characteristic of an accidental injury is that it can always be traced to a definite time, place, and cause. Amalgamated Sugar Co. v. Industrial Commission, 56 Utah 80, 189 P. 69. An occupational disease must be

restricted to one that is the usual and ordinary result incident to the pursuit of an occupation and must in the nature of things be the result of a slow and gradual development. * * * A disease contracted as the direct result of unusual conditions connected with the work and not as an ordinary or reasonably to be anticipated result of pursuing the same should be considered as an accidental injury. * * *"

The distinction between an accidental injury and an industrial disease made in the cited case was observed in the following cases: Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371; Texas Employers' Ins. Ass'n v. Wade, Tex.Civ.App., 197 S.W.2d 203; Associated Indemnity Corporation v. Baker, Tex.Civ.App., 76 S.W.2d 153; Safety Casualty Co. v. O'Pry, Tex.Civ.App., 187 S.W.2d 578; and Travelers' Ins. Co. v. Lancaster, Tex.Civ.App., 71 S.W.2d 318.

■ The opinions in the foregoing cases were handed down prior to the 1947 amendment making industrial diseases compensable. But the only modification of the holdings mentioned that we have found is that the "slow and gradual development" test as supplied to occupational diseases is not now considered to be of universal application. Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147; American Surety Co. of New York v. Ritchie, Tex.Civ.App., 182 S.W.2d 501. An occupational disease is still defined as one acquired in the usual and ordinary course of employment and recognized from common experience to be incidental thereto. Texas Employers' Ins. Ass'n v. Robison, Tex. Civ.App., 241 S.W.2d 339; Texas Employers Ins. Ass'n v. Freeman, Tex.Civ.App., 266 S.W.2d 177.

■■ Appellee's disability resulted from an incident that occurred unexpectedly, and can be traced to a definite time, place and cause. It was not acquired in the usual and ordinary course of his employment; and common experience does not recognize it to be incidental thereto. There seems to be little question but that had appellee's disability occurred prior to the 1947 amendment it would have been compensable as having been occasioned by "damage or harm to the physical structure of the body and such diseases or infection as naturally" resulted therefrom. To adopt appellant's construction of the amendment would be holding that its effect if not its purpose was to cut down the field of compensable disability. We do not believe that this was the intention of the Legislature. Moreover, it is the uniform holding of our courts that the Workmen's Compensation Law will be given the most liberal construction in favor of injured employees that it will reasonably bear. American Motorists Ins. Co. v. Steel, Tex.Civ.App., 229 S.W.2d 386.

■ But even if appellee suffered only a "disease, condition or allergy" as distinguished from an accidental injury, we are unable to agree with appellant that the evidence is undisputed that such disease, condition or allergy no longer persists in an acute state. The evidence detailed above is sufficient, we think, to raise an issue on that point.

The judgment is affirmed.