TRAVELERS INSURANCE COMPANY,
Appellant,

v.

John B. GRIMES, Appellee.

No. 16320.

Court of Civil Appeals of Texas.

Fort Worth.

May 25, 1962.

Rehearing Denied June 22, 1962.

Jones, Parish, Fillmore, Robinson & Lambert, and Elmer H. Parish, Wichita Falls, for appellant.

Peery & Wilson and James W. Jameson, Wichita Falls, for appellee.

BOYD, Justice.

This is a workmen's compensation case. John B. Grimes recovered judgment for compensation for total and permanent disability against Travelers Insurance Company, the insurance carrier for Grimes' employer. The insurance company appeals.

Appellee was injured when a 100-pound sack of soda ash dust, which he had cradled in his arms while unloading it from a truck, split and the dust spilled practically all over his body and inside his overalls, burning his body "practically all over."

The jury found that appellee was totally and permanently disabled by the accident, and that his disability was not due solely to a preexisting disease, nor solely to a condition disconnected from his employment.

Appellant challenges the judgment by several points of error. It contends that there was no evidence to warrant the findings as to total and permanent disability; that such findings are contrary to the great weight and preponderance of the evidence; the finding that appellee's disability was not caused solely by a condition disconnected from his employment is contrary to the undisputed evidence, and is contrary to the great weight and preponderance of the evi-

dence; it was error to render judgment for total and permanent disability because appellee is entitled to recover for a dermatitis only during the acute stage and there is no finding as to how long appellee will suffer from an acute stage of dermatitis; appellee is not entitled to recover from a dermatitis caused by contact with soda ash; and it was error to permit appellee to file a trial amendment on the morning of the trial and refuse appellant's request for a postponement to give it time to meet new allegations in said pleading.

■ We consider the last point first. Appellee's original petition alleged that he received "inflammation to his arms, neck, chest, back, hips, and legs because of contact with dust and other injuries." The court sustained appellant's exceptions to these allegations that they were "vague, indefinite and uncertain" and did not put appellant on notice of what injuries appellee claimed to have received. The amendment alleged that appellee's face and shoulders were affected by the accident, and followed with some detailed description of the affected parts of his body, and alleged that appellee is unable to get normal sleep, his skin is irritated and burns, and he is compelled to scratch and rub large portions of his body. Appellant's objection to the amendment was that it "must rely upon the deposition of Doctor Shelmire, and that the defendant has been denied the right to question Doctor Shelmire about the new allegations."

The trial began on June 22, 1961. Appellee's deposition was taken on May 17, 1961. The deposition of Doctor Shelmire, to whom appellant sent appellee, was taken on May 24, 1961. Appellee testified by deposition that he had soreness and inflammation of the shoulders, and other parts of his body, and detailed his afflictions substantially as he later alleged in the trial amendment. Dr. Shelmire testified by deposition that appellee's face and "almost all portions of his body" had patches of inflammation, and, in a hypothetical question, burning and inflammation of the shoulders were included. The physician was also examined as to whether appellee was nervous.

In support of its contention that it was error to allow the filing of the trial amendment, appellant cites Texas Employers' Ins. Ass'n v. Dillingham, Tex.Civ.App., 262 S. W.2d 748; Lightner v. McCord, Tex.Civ. App., 151 S.W.2d 362, and Jackson v. Blair, Tex.Civ.App., 165 S.W. 522. We think the facts of this case distinguish it from the cases cited, and that we are governed by the rule laid down in Potomac Insurance Company v. Milligan, Tex.Civ.App., 335 S.W.2d 648. This point is overruled.

■ We cannot agree with appellant's contention that appellee cannot recover except for the time his condition is in an acute stage. Appellee's affliction is not an occupational disease. An accidental injury is distinguished from an occupational disease because it can be traced to a definite time, place, and cause. Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464; Texas Employers' Insurance Association v. Cowan, Tex.Civ.App., 271 S.W.2d 350.

■ The contention that the evidence is insufficient to show that appellee's total disability will be permanent has given us concern. But we think the contention must be overruled. It is true that a medical witness thought appellee might recover and be relatively free from his present disorder if he did not come into contact with irritants. He also thought that appellee's condition resulted more from hereditary than accidental causes. That evidence, it seems to us, is far from conclusive. The jury, under proper instructions, found that the disability will be permanent. That is a fact issue.

Much of the evidence as to his injuries came from appellee. Chief Justice Massey of this court, in Trinity Universal Insurance Company v. Scott, Tex.Civ.App., 342 S.W.2d 348, said: "We recognize the importance of the question as to whether

evidence received from the lips of the injured workman might be such as would render the jury finding of permanent and total disability contrary to the great weight and preponderance of the evidence, and, if his testimony should be such as apparently inhibited such a finding, the highly difficult analysis of the whole of the evidence in the case in order to determine the proper answer to the question. However, we find nothing in the testimony received from Scott which purports to establish that his incapacity to work and labor is partial rather than total, or temporary rather than permanent. Therefore we are not laden with the burden of such difficult analysis."

Appellee had worked for this employer for nine years immediately prior to the accident. His job was loading, hauling, and unloading soda ash. He worked twelve months in the year, seven days per week. He was "on duty" twenty-four hours per day, and sometimes worked twenty-four hours per day. He was entitled to a paid vacation every year, but took only two. He worked five or six weeks for other employers after the accident, but had to quit because "it got to hurting so bad and itching I couldn't rest so I just decided I would quit, I couldn't get no rest."

Occasionally, during a period of four or five years before the accident, appellee had some "breaking out" on his hands and ankles. He did not on that account lose any time from work. From the time of the accident to the trial he has had burning, itching, inflammation, and "weeping sores" on different parts of his body; he is restless; he has extreme difficulty in resting and sleeping; exercise, heat, and perspiration make his condition perceptibly worse; he cannot use soap; he cannot wear wool clothing; he said he cannot do oil field work; he could not, "day in and day out," work in the sun if he perspired; he said his condition was not better at the time of the trial, and he could not work five or six days per week "without severe punishment."

The jury found that appellee's condition is permanent; the trial court accepted and entered the verdict, and approved it by overruling a motion for new trial; and we do not feel that it is our duty to set it aside.

The judgment is affirmed.