**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Lloyd G. LOCKSTEDT, Appellee.**

No. 13927.

Court of Civil Appeals of Texas.

San Antonio.

June 13, 1962.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Kelly, Hunt, Cullen & Mallette, Victoria, for appellee.

BARROW, Justice.

Appellant, Texas Employers' Insurance Association, hereinafter referred to as Association, appealed from a judgment of the 24th Judicial District Court of Victoria County, which awarded appellee, Lloyd G. Lockstedt, a temporary total incapacity for 201 weeks in a suit brought under the Texas Workmen's Compensation Law. It was stipulated that appellee had developed a compensable occupational disease as distinguished from an accidental injury. Therefore, this appeal directly concerns the application of Art. 8306, §§ 20–27, Vernon's Tex.Civ.Stats.

The case was tried before a jury and the trial court submitted a standard compensation charge as modified by the stipulation of occupational disease. There were no issues or instructions in regard to benefits by change of employment or medical treatment.

Appellant presents eight points of error which can be grouped as follows: (1) Failure of the court to submit two requested issues which were in substantially the language of Art. 8306, § 27 supra, which relates to compensation when the employee benefits by change of employment or medical treatment; (2) Failure of the court to qualify the definitions of "total incapacity", "producing cause" and "incapacity," so as to exclude any period of time during which the occupational disease was or could have been arrested by change of employment or medical treatment; (3) The insufficiency of the evidence to support the finding of 201 weeks of temporary total incapacity.

In view of the stipulation that appellee had sustained a compensable occupational disease as distinguished from an accidental injury, this case was controlled by the law applicable to occupational diseases. By its 1947 amendment, the Legislature extended the definition of "injury" and "personal injury" to include certain occupational diseases and placed certain restrictive limitations on recovery of compensation for said specified diseases. Texas Employers' Ins. Association v. Etheredge, 154 Tex. 1, 272 S.W.2d 869. Section 27 of Article 8306, supra, reads as follows:

> "In any case wherein the employment causes an acute disease, condition or allergy which can be arrested by a change of employment or by medical treatment under which the employee will suffer no objective symptoms of such disease, condition or allergy, the employee shall be entitled to compensation only for the period during which said disease, condition or allergy persists in an acute state. Added Acts 1947, 50th Leg., p. 179, ch. 113, § 9."

The Association pleaded that the disease had been or could be arrested either by medical treatment or by a change of employment, and also timely requested issues for those defenses.

■ The evidence, both from appellee and his medical witness, Dr. Stevenson, when considered in the light most favorable to appellant, as we are required to do by this point, would have supported findings favorable to appellant. McDonald, Texas Civil Practice, Vol. 3, §§ 11:28 and 12:08.

In July, 1960, appellee developed an acute rash over his body while employed as a carpenter for Texas Concrete Company, at Victoria, Texas. He was treated by Dr. Stevenson, a dermatologist, who diagnosed his condition as contact dermatitis, and stated that he was hyper-sensitive to chromates. He remained under the doctor's care for several weeks, during which time he had a set-back upon visiting his employer's plant in August, 1960. Dr. Stevenson testified that under his medical treatment appellee's objective symptoms had nearly cleared up, when he was released in September, 1960. He had a flare-up in December, 1960, while working for Austin Bridge Co., and again a few days prior to trial in May, 1961, when on each occasion he contacted chromates. Appellee worked as a carpenter out of a lumber yard from

January, 1961, to date of the trial, but declined jobs bringing him in contact with concrete.

■ Dr. Stevenson testified that appellee could not work around chromates and that this condition was permanent. The doctor testified that there was other work that appellee could perform without experiencing any difficulty. Appellee insisted that any employment would bring him in contact with chromates and therefore he was totally disabled. This was a disputed fact issue which the jury should have resolved. Under the charge as submitted by the trial court, the jury did not pass upon this disputed fact issue, which was properly raised by the evidence and the affirmative pleadings of the Association.

Appellee asserts that the requested issues were not in substantially correct form, although he does not point out any defect in same. The requested issues were:

DEFENDANT'S REQUESTED SPECIAL ISSUE NO. 1.

Do you find from a preponderance of the evidence that the condition, disease or allergy which has affected Lloyd G. Lockstedt can be arrested by a change of employment or by medical treatment under which the employee will suffer no objective symptoms of such disease, condition or allergy?

DEFENDANT'S REQUESTED SPECIAL ISSUE NO. 2.

How long did or will such disease, condition or allergy persist in an acute stage?

It will be seen that the issues are in substantially the language of the statute and fairly raise the issue in dispute in this case.

Appellee also asserts that the defense urged by appellant would conflict with the results reached in the case of Texas Employers' Ins. Ass'n. v. Cowan, Tex.Civ.App., 271 S.W.2d 350, and Aetna Cas. & Surety Co. v. Bailes, Tex.Civ.App., 285 S.W.2d 886. These cases are distinguishable from the case at bar in that in each of those cases, as in our recent case of Texas Employers' Ins. Ass'n. v. Cross, 358 S.W.2d 156, the injured worker had sustained an accidental injury, and recovery was had under the general provisions applicable thereto.

■ The worker suffering from an occupational disease is not required to wait 401 weeks to recover maximum benefits, in that the jury is entitled to consider the probable future effects as in any other case. Aetna Cas. & Surety Co. v. Bailes, supra.

We sustain appellant's points complaining of the failure of the court to submit its Requested Special Issues Nos. 1 and 2. We overrule appellant's points complaining of the failure of the court to qualify the definition of "total incapacity" and "producing cause." The definitions given were those approved many times as proper and standard definitions. Appellant makes no complaint except that they should have been qualified, so as to instruct the jury that "incapacity as a result of an occupational disease cannot exist during that period of time during which such disease has been or will be arrested by a change of employment or by medical treatment under which the plaintiff will suffer no objective symptoms of such disease, condition or allergy."

Appellee was entitled to have his case submitted unconditionally and unqualified by appellant's affirmative defenses. We believe that this is accomplished by use of the usual definitions of "total incapacity", "producing cause" and "incapacity," without any qualification.

In view of our sustaining appellant's first point, which will require a reversal and remand of this case, we will not discuss the point asserting the insufficiency of the evidence.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.