**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,**

v.

**Milton BRADFORD, Appellee.**

No. 6591.

Court of Civil Appeals of Texas.

Beaumont.

June 11, 1964.

Rehearing Denied July 15, 1964.

Keith, Mehaffey & Weber, Beaumont, for appellant.

Barber & Seale, Jasper, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Law. Trial was by jury and plaintiff was awarded judgment for total and permanent disability. The parties will be referred to here as they were in the trial court.

Plaintiff was injured when he dropped a sack of cement which burst and covered a large part of his body. This case was tried upon the theory of accidental injury and not occupational disease. The jury found that plaintiff was totally and permanently disabled by the accident and that his disability was not due solely to diseases, natural causes and prior injuries. The jury also found that plaintiff's employment on or about the date of the alleged injury caused an acute disease, condition or allergy, but that such condition, disease or allergy could not be arrested by a change of employment or by medical treatment under which plaintiff would suffer no objective symptoms of such disease, condition or allergy.

Three of the defendant's points attack the findings of the jury that plaintiff sustained an accidental injury which resulted in total and permanent disability on the ground that there was no evidence to sustain such findings, and in the alternative that such findings are against the great weight of the evidence.

 Defendant relies primarily upon the evidence tending to show that plaintiff had been suffering from a similar condition for several years before the alleged accident, and also that plaintiff did not inform one of the doctors who examined and treated him the day following the alleged accident of the accident, of dropping the cement sack. In this case the plaintiff had alleged in his petition, in the alternative, that his accident aggravated and incited a pre-existing condition. The definition of "injury" in the court's charge included incitement, acceleration or aggravation of a pre-existing condition. The fact that plaintiff may have suffered from a skin condition in the past would not as a matter of law make this an occupational disease case. In Travelers Ins. Co. v. Grimes, Tex.Civ.App., 358 S.W.2d 247, the plaintiff had breaking out on his hands for four or five years before the accident, but it had not been disabling until the accident. An accidental injury is distinguished from an occupational disease because it can be traced to a definite time, place and cause. Barron v. Texas Employers' Ins. Ass'n, Tex.Com.App., 36 S.W.2d 464. The present case has all of these elements.

 The testimony of the doctor called by plaintiff was that the condition plaintiff was suffering from was contact dermatitis caused by the cement and that plaintiff was totally and permanently disabled. Even though other medical testimony showed plaintiff had a skin condition before the date of the alleged accident, such condition was not disabling until such time. There are inconsistencies in the testimony given by plaintiff, and conflicts in the evidence, but the credibility of witnesses and determination of conflicting evidence are matters to be resolved by the jury. The fact that plaintiff did not inform one of the doctors of the cement sack bursting incident the next day, and the fact the condition of his skin was not acute on such date, could be explained by the medical evidence of one of the witnesses called by defendant to the effect that the skin might not respond to the allergy for a day or two. The fact that the condition of plaintiff's hands varies from time to time, and at times is so acute the cracked places show red marks of blood and discoloration, are matters for the jury to consider in arriving at their answers to the issues submitted to them. We considered only evidence favorable to the findings of the jury in passing upon the "no evidence" points, and the entire record in passing upon the "great weight of the evidence" points. These points are overruled.

 Defendant contends there is a conflict in the findings of the jury that plaintiff sustained total and permanent incapacity as a result of an injury and the finding of the jury that plaintiff had suffered an acute disease, condition or allergy. Section 27, Art. 8306, Vernon's Ann.Civ.St., reads as follows:

"In any case wherein the employment causes an acute disease, condition or allergy which can be arrested by a change of employment or by medical

treatment under which the employee will suffer no objective symptoms of such disease, condition or allergy, the employee shall be entitled to compensation only for the period during which said disease, condition or allergy persists in an acute state."

If the jury had answered the special issue inquiring as to whether the condition, disease or allergy could be arrested by a change of employment or medical treatment in the affirmative, then this court would be faced with a different question. But, in view of the negative answer, we find there is no conflict in the issues.

Affirmed.