**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Nester R. TORRES, Appellee.**

**No. 11–81–184–CV.**

Court of Appeals of Texas, Eastland.

April 1, 1982.

David R. Cobb, Brian Cutbirth, Whitten, Haag, Cobb & Hacker, Abilene, for appellant.

Aubrey L. Roberts, Moore, Dickson, Roberts & Hall, Inc., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is a worker's compensation case. Based on the jury's verdict, judgment was rendered that Nester R. Torres recover benefits from Texas Employers' Insurance Association for total and permanent disability. Texas Employers' appeal. We affirm.

In its first two points of error, appellant challenges the trial court's failure to submit requested special issues inquiring as to contribution of a prior compensable injury.

In considering such challenges, it is the duty of this court to view the evidence in its most favorable light to Texas Employers', considering the evidence and reasonable inferences to be drawn therefrom in support of the submission of such requested issues. *Horton v. Harris*, 610 S.W.2d 819 (Tex.Civ.App.—Tyler 1980, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Lockstedt*, 358 S.W.2d 718 (Tex.Civ. App.—San Antonio 1962, no writ); Mc-

Donald, Texas Civil Practice § 12.08 (1970); G. Hodges, Special Issue Submission in Texas 2 (1959).

Tex.Rev.Civ.Stat.Ann. art. 8306 § 12c (Vernon Supp.1982) provides in part:

If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury. . . .

The court in *Transport Insurance Company v. Mabra*, 487 S.W.2d 704 (Tex.1972), considering the application of Section 12(c) said:

In order to reduce the recovery of a workman because of a previous injury under the above statute, the insurance carrier must prove (1) that the previous injury was compensable (2) contributed to the present incapacity, and (3) the amount or percentage of such contribution.

Mrs. Torres sought benefits for an injury sustained on July 23, 1980, when she injured her back while lifting a bundle of clothes. She also filed a trial amendment which contended that she sustained repetitious physical trauma to her body generally. The evidence supports a finding that she had sustained a prior compensable injury in 1977. The two medical witnesses did not say that the injury Mrs. Torres received in 1977 was a producing cause of her present disability. One of them testified that he treated Mrs. Torres for lumbosacral sprain associated with mid-thoracic pain and subluxations of C1–C2 and L4–L5 vertebrae in 1977. Lay witnesses testified that her complaints following her 1980 injury were similar to her complaints prior to such injury. No testimony was presented, however, which actually showed that the injury of 1977 contributed to her present disability.

There being no evidence that the injury of 1977 contributed to Mrs. Torres' present incapacity, Texas Employers' first two points of error are overruled.

Texas Employers' next contends that the trial court erred in submitting over its objection, the alternative definition of injury regarding repetitious physical traumatic activities or the aggravation of a pre-existing infirmity by reason of same. It argues that there was no pleading of occupational disease and alternatively, no evidence or insufficient evidence to substantiate the submission of such definition.

We do not pass upon the issue of whether an allegation of an injury occurring on a specific date without an allegation of occupational disease would justify the definition of injury as including the objected to alternative definition. See *Transportation Insurance Company v. Maksyn*, 580 S.W.2d 334 (Tex.1979).

■ After the jury verdict, the court permitted Mrs. Torres to file a trial amendment which, alternatively, pleaded that the incapacity which she suffered was a result of repetitious physical traumatic activities at her place of employment which ultimately rendered her totally incapable of doing the usual and customary tasks of a workman. There was, therefore, pleadings to support the submission of the challenged definition.

■ In considering a no evidence point, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the submission of the issue and rejecting the evidence and inferences contrary thereto. *Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607 (Tex.1979); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). In passing on factually insufficient evidence points, we must examine the entire record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

■ The evidence reflects that Mrs. Torres worked, prior to July 23, 1980, for nine and one-half years for Walls Industries, whose insurance carrier was Texas Employers'. She received top wages because of her ability to turn out finished products. Her work, as a machine operator, required her to handle bundles of coats; to sew, tag, lift, stack, sort and store the garments. This evidence supports the giving of the challenged definition.

Finally, Texas Employers' urges that the trial court erred in allowing the trial amendment regarding occupational disease as a theory of recovery.

■ It has long been the rule in Texas that the filing of a trial amendment is within the sound discretion of the trial court, and unless the court clearly abuses that discretion no reversible error is shown. *Hardin v. Hardin*, 597 S.W.2d 347 (Tex. 1980); *Victory v. State*, 158 S.W.2d 760 (Tex.1942); *Lipscomb v. Perry*, 100 Tex. 122, 96 S.W. 1096 (1906).

As stated by the court in *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n. r. e.):

> The filing of a trial amendment is within the sound discretion of the trial court. *Santa Rosa Medical Center v. Robinson*, 560 S.W.2d 751, 758 (Tex.Civ.App.—San Antonio 1977, no writ). A post-verdict, prejudgment trial amendment may be allowed. *Shaw v. Tyler Bank and Trust Company*, 285 S.W.2d 782, 790 (Tex.Civ. App.—Texarkana 1955, writ ref'd n. r. e.). Where the appellant does not show injury, no abuse of discretion will be found. *Tom's Toasted Peanuts, Inc. v. Doucette*, 469 S.W.2d 399, 402 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

■ In the case at bar, evidence was introduced without objection which could support a finding that Mrs. Torres' activities constituted repetitious physical trauma to her body generally. No abuse of discretion is shown.

We have considered and overrule all points of error.

The judgment is affirmed.